08-2648-cr
U.S. v. Ortiz

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2008

Heard: January 27, 2009              Decided: September 1, 2010

Docket No. 08-2648-cr

- - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,
    Appellee,

       v.

ERIC ORTIZ,
    Defendant-Appellant.

- - - - - - - - - - - - - - - -

Before:  NEWMAN and POOLER,[*] <u>Circuit Judges</u>, and
       RAKOFF,[**] <u>District Judge</u>.

Appeal from the May 27, 2008, judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, District Judge), sentencing the Defendant to imprisonment for 120 months for firearms and narcotics offenses. The Defendant primarily contends that his non-Guidelines sentence violates the <u>Ex Post Facto</u>

_____

[*]Honorable Sonia Sotomayor, originally a member of the panel, was elevated to the Supreme Court on August 8, 2009. The Clerk has designated, by random selection, the Honorable Rosemary S. Pooler to replace her. <u>See</u> Local Rule 0.14(2).

[**]Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Clause because an enhancement, used to calculate his Guidelines sentencing range, was increased after the date of his offenses. The Defendant's sentencing range under the unamended Guidelines would have been 151 to 188 months; under the amended Guidelines the range would have been 168 to 210 months.  However, the District Court imposed a non-Guidelines sentence of 120 months.

Affirmed.

Zachary Margulis-Ohnuma, New York, N.Y., for Defendant-Appellant.

Jacqueline L. Spratt, Asst. U.S. Atty., Brooklyn, N.Y. (Benton J. Campbell, U.S. Atty., Susan Corkery, Asst. U.S. Atty., Brooklyn, N.Y., on the brief), for Appellee.

JON O. NEWMAN, Circuit Judge.

This appeal primarily presents the issue of whether, and under what circumstances, a more onerous guideline, issued by the United States Sentencing Commission after the date of an offense, renders a sentence imposed under the advisory Guidelines regime in violation of the Ex Post Facto Clause.  The issue arises on an appeal by Defendant-Appellant Eric Ortiz from the May 27, 2008, judgment of the District Court for the Eastern District of New York (Dora L. Irizarry, District Judge).  We conclude that such a sentence can violate the Clause, but that the Clause was not violated in the circumstances of this case. We therefore affirm.

Background

A search of the Defendant's residence in Brooklyn, New York, uncovered five guns, ammunition, heroin, and cocaine. The Defendant pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession of narcotics with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

At sentencing, the District Court agreed with the pre-sentence report that two of the Defendant's prior felony convictions were crimes of violence: an assault conviction in Rhode Island in 2000 and an attempted third-degree burglary conviction in New York in 2006. Applying the 2006 Guidelines in effect at the time of sentencing,[1] the Court used these two prior convictions to set the base offense level for the firearms offense at 24, see U.S.S.G. § 2K2.1(a)(2), instead of level 20, which would have applied if the Defendant had had only one prior conviction for a crime of violence, see id. § 2K2.1(a)(4)(A). The Court then made two adjustments, adding two levels for possession of three to seven firearms, see id. § 2K2.1(b)(1)(A), and, pertinent

_____

[1]Courts must use the Guidelines manual in effect on the date of sentencing unless they determine that such use would violate the Ex Post Facto Clause, in which case they must use the manual in effect on the date that the offense was committed. See U.S.S.G. § 1B1.11(b)(1); see also 18 U.S.C. § 3553(a)(4)(ii) (instructing courts to use the Guidelines in effect on the date of sentencing).

-3-

to this appeal, adding four levels because the serial number of one of the firearms had been obliterated, see id. § 2K2.1(b)(4). The Sentencing Commission had increased the adjustment for an obliterated serial number from two levels to four levels on November 1, 2006, see id. App. C, amend. 691, after the date of the Defendant's offenses. These two adjustments would have brought the adjusted offense level to 30, but the Guidelines cap at 29 the increased offense level that may result from the (b)(1) and (b)(4) adjustments. See id. § 2K2.1(b) (text following (b)(4)).

The Court then increased the capped offense level of 29 by four levels for possessing a firearm in connection with another felony offense (the narcotics offense), see id. § 2K2.1(b)(6), and subtracted three levels for acceptance of responsibility, see id. § 3E1.1(b). The resulting adjusted offense level of 30 in Criminal History Category VI yielded a sentencing range of 168 to 210 months.[2] The Court imposed a non-Guidelines sentence of 120 months, 48 months below the bottom of the applicable range.

The Defendant contended in the District Court that the New York

---

[2]The narcotics offense did not require any change in the adjusted offense level because, under the multi-count provisions, that offense had been treated as a specific offense characteristic in determining the offense level for the firearms offense and had therefore been grouped with the firearms offense. See U.S.S.G. § 3D1.2(c).

attempted burglary conviction was not a crime of violence and that the obliterated serial number enhancement should not apply because the Defendant was not aware that the number had been obliterated. No objection was made to the fact that this enhancement was increased from two to four levels after the date of the Defendant's offenses.

## Discussion

Recognizing that he has received a non-Guidelines sentence, Ortiz nevertheless contends that his sentence is unlawful because the Guidelines calculation, which the District Court made as the first step in the sentencing process, was incorrect. Because a district court "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," Gall v. United States, 552 U.S. 38, 49 (2007) (emphasis added), we review the correctness of that calculation even if a non-Guidelines sentence is imposed, see id. at 51 (appellate court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range"); United States v. Carr, 557 F.3d 93, 103 (2d Cir. 2009) (same). The Defendant challenges the calculation on three grounds: (1) his conviction for attempted burglary in the third degree under New York Penal Law § 140.20 was not a crime of violence, (2) the enhancement for an obliterated serial number was improper because he did not know of the obliteration, and (3) even if the enhancement was applicable, the use

-5-

of the amended enhancement violated the <u>Ex Post Facto</u> Clause.

1. Attempted Burglary Conviction as a Crime of Violence

The Appellant's challenge to the enhancement for a crime of violence is without merit.  We have ruled that third-degree burglary under New York law is a "crime of violence" for purposes of a firearms offense enhancement under U.S.S.G. § 4B1.2(a)(2), <u>see</u> <u>United States v. Brown</u>, 514 F.3d 256, 268-69 (2d Cir. 2008), and have also ruled that the enhancement applies to attempted third-degree burglary, <u>see</u> <u>United States v. Hurell</u>, 555 F.3d 122, 124 (2d Cir. 2009).

2. Obliterated Serial Number Enhancement

The Appellant's challenge to the enhancement for an obliterated serial number is also unavailing.  He contends that the enhancement requires scienter, but we have previously ruled that the enhancement applies "regardless of whether the defendant knew or had reason to believe that the firearm . . . had an . . . obliterated serial number," U.S.S.G. § 2K2.1, comment. (n.8(B)). <u>See</u> <u>Brown</u>, 514 F.3d at 269.

3. <u>Ex Post Facto</u> Challenge to Use of the Amended Guideline

The Appellant contends that use of the amended guideline for an obliterated serial number is barred by the <u>Ex Post Facto</u> Clause because the amendment was adopted after the date of his offense.  The Defendant's sentencing range under the unamended Guidelines would have been 151 to 188 months; under the amended Guidelines the range would

have been 168 to 210 months.  However, the District Court imposed a non-Guidelines sentence of 120 months.

A preliminary issue is the standard of review.  At oral argument the Government contended that plain-error review applies because the Defendant did not make an Ex Post Facto Clause argument in the District Court.  The Defendant responded that the Government has forfeited insistence on the strict standard of plain-error review because the Government did not urge that standard in its appellate brief.

We have found no decision explicitly considering this "sauce for the goose" argument in the context of a sentencing appeal.  In other contexts, however, the argument has prevailed.  In Gronowski v. Spencer, 424 F.3d 285 (2d Cir. 2005), after a verdict and judgment for the plaintiff, the defendants unsuccessfully moved for judgment n.o.v. under Rule 50(b) of the Federal Rules of Civil Procedure.  On appeal, the defendants sought reversal on the ground that their compliance with a civil service law precluded the plaintiff's claim under 42 U.S.C. § 1983.  See id. at 297.  The plaintiff contended that the defendants had waived that defense by failing to raise it in their Rule 50(a) motion for a directed verdict at the close of the plaintiff's case, although it had been raised in their Rule 50(b) motion.  See id.  We ruled that the plaintiff had waived her waiver argument by failing to assert it in her opposition to the defendants'

-7-

Rule 50(b) motion. <u>See</u> <u>id.</u> <u>See also</u> <u>Atkins v. N. Y. City</u>, 143 F.3d 100, 103 (2d Cir. 1998) (by not objecting in district court, appellees waived their argument that appellant waived his objection to the jury verdict by not objecting to jury charge or to inconsistent verdicts); <u>Gibeau v. Nellis</u>, 18 F.3d 107, 109 (2d Cir. 1994) (by not objecting in district court, appellees waived their argument that appellants had waived their right to judgment n.o.v. by not moving for directed verdict); <u>cf.</u> <u>Kone v. Holder</u>, 596 F.3d 141, 147 n.4 (2d Cir. 2010) (Government waived objection to appellant's failure to exhaust issue on appeal to Board of Immigration Appeals).

These waive-the-waiver (more accurately, forfeit the forfeiture) rulings suggest that the same approach should apply in the sentencing context, especially in view of the relaxed standard of plain-error review that we have sometimes found  applicable for unpreserved sentencing errors because a resentencing is not nearly as burdensome as a retrial. <u>See</u>, <u>e.g.</u>, <u>United States v. Gamez</u>, 577 F.3d 394, 397 (2d Cir. 2009); <u>United States v. Williams</u>, 399 F.3d 450, 456-57 (2d Cir. 2005); <u>United States v. Simmons</u>, 343 F.3d 72, 80 (2d Cir. 2003).  We need not rule definitively on the standard of review, however, because even if the alleged claim of error is available for appellate review, we reject it on the merits, as we now explain.

Whether application of a guideline amended after the date of an offense violates the <u>Ex Post Facto</u> Clause under the advisory

Guidelines regime, as it did when the Sentencing Guidelines were mandatory, see Miller v. Florida, 482 U.S. 423, 432-36 (1987), has divided the courts of appeals.[3] In United States v. Demaree, 459 F.3d 791 (7th Cir. 2007), the Seventh Circuit ruled that the Clause was not violated because the applicable guideline, used to make the initial Guidelines calculation, only "nudges" the sentencing judge toward the sentencing range, but the judge's "freedom to impose a reasonable sentence outside the range is unfettered." Id. at 795. See also United States v. Barton, 455 F.3d 649, 655 n.4 (6th Cir. 2006). Other

_____

[3]Our decision in United States v. Kilkenny, 493 F.3d 122, 130 (2d Cir. 2007), remanding for resentencing because of an enhanced guideline, contained no discussion of the effect of the advisory Guidelines regime on challenges under the Ex Post Facto Clause, and "a sub silentio holding is not binding precedent," Getty Petroleum Corp. v. Bartco Petroleum Corp., 858 F.2d 103, 113 (2d Cir. 1988) (internal quotation marks omitted). Our recent decision in United States v. Kumar, No. 06-5482, slip op at __ n.12 (2d Cir. Aug. 12, 2010), which concerned application of the so-called one-book rule, see U.S.S.G. § 1B1.11(b)(3), assumed that the Ex Post Facto Clause applied to the advisory Guidelines regime in view of the Government's explicit disclaimer of reliance on the contrary position of the District Court in Kumar. The issue thus remains open in this Circuit.

-9-

circuits, in holdings or dicta, have stated that an amended guideline enhancing punishment can violate the Ex Post Facto Clause even under the advisory Guidelines regime. See United States v. Duane, 533 F.3d 441, 446 & n.1 (6th Cir. 2008); United States v. Thompson, 518 F.3d 832, 870 (10th Cir. 2008); United States v. Carter, 490 F.3d 641, 643 (8th Cir. 2007); United States v. Rodarte-Vasquez, 488 F.3d 316, 322–24 (5th Cir. 2007); United States v. Wood, 486 F.3d 781, 790–91 (3d Cir. 2007).

The D.C. Circuit has also upheld an Ex Post Facto Clause challenge to a non-Guidelines sentence that was thought to have been influenced by a post-offense increase in the Guidelines sentencing range, but adopted a more nuanced approach to the issue. In United States v. Turner, 548 F.3d 1094 (D.C. Cir. 2008), the D.C. Circuit held that a 33-month sentence, even though imposed under the advisory Guidelines regime, violated the Clause where the sentencing judge sentenced at the bottom of a guideline range that had been increased, after the offense, from 21-27 months to 33-41 months. See id. at 1100. The Court explained that, had the sentencing judge looked to the unamended guideline range, "it is likely that [the defendant's] sentence would have been less than 33 months." Id. The Court's rationale, however, does not apply to every sentence imposed after calculation of a guideline range that has been increased after the date of the offense. As the Court further explained, "[the defendant]

-10-

did not have to show definitively that he would have received a lesser sentence had the district court used the [unamended] Guidelines. It is enough that using the [amended] Guidelines created a substantial risk that [the defendant's] sentence was more severe, thus resulting in a violation of the Ex Post Facto Clause." Id. (citation omitted). The risk was deemed substantial in Turner's case because of the likelihood that the judge whose non-Guidelines sentence was at the bottom of the amended sentencing range would have given a non-Guidelines sentence below that range had a lower sentencing range been calculated based on the unamended guideline. The judge would not necessarily have sentenced at the bottom of the unamended range, but there was at least a substantial risk that the sentence would have been below the bottom of the amended range.

We think the "substantial risk" standard adopted by the D.C. Circuit appropriately implements the Ex Post Facto Clause in the context of sentencing under the advisory Guidelines regime, and is faithful to Supreme Court jurisprudence explaining that the Clause protects against a post-offense change that "create[s] a significant risk of increas[ing] [the] punishment," Garner v. Jones, 529 U.S. 244, 255 (2000). This standard does not invalidate every sentence imposed after a Guidelines range has been increased after the date of the offense, but, unlike the approach of the Seventh Circuit, which

rejects an Ex Post Facto challenge to any non-Guidelines sentence,[4] it recognizes that there may be circumstances where an amended Guidelines range can influence a sentence that violates the Ex Post Facto Clause.

In the pending appeal, however, the D.C. Circuit's "substantial risk" standard does not benefit Ortiz. His adjusted offense level under the unamended Guidelines would have been 29, yielding a sentencing range, in Criminal History Category VI, of 151 to 188 months. Under the amended Guidelines, his adjusted offense level was 30, yielding a sentencing range of 168 to 210 months.[5] The non-

-----

[4]Writing for the Seventh Circuit, Judge Posner gave examples of governmental actions that created some slight risk of increased punishments that would not violate the Ex Post Facto Clause. These were a joint congressional resolution urging heavier sentences for white-collar criminals, a statute requiring victim impact statements for all offenses, appropriating more money for prisons to lessen overcrowding as a reason for short sentences, or appointing judges pledged to give severe sentences. See Demaree, 459 F.3d at 794. "[T]he effect on the values animating the ex post facto clause," he noted, "would be attenuated . . . ." Id. As Turner illustrates, the effect of an enhanced guideline on the risk of increased punishment can, in some circumstances, be so much less attenuated as to encounter a valid Ex Post Facto challenge.

[5]Although the amended guideline raised the adjustment for an

Guidelines sentence imposed was 120 months, 48 months below the bottom of the applicable sentencing range. We conclude that there is no substantial risk, indeed, no risk at all, that the sentencing judge, having made such a generous deviation from the amended Guidelines range, would have imposed a non-Guidelines sentence of less than 120 months had the bottom of the applicable sentencing range been 151 months, as it was before the Guidelines amendment, rather than 168 months.

## Conclusion

The judgment of the District Court is affirmed.

---

obliterated serial number by two levels, the effect for Ortiz was an increase in the adjusted offense level of only one level because of the capping effect of U.S.S.G. § 2K2.1(b) (text following (b)(4)).