09-1519-cr
United States v. Faison

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14ᵗʰ  day of September, two thousand and ten.

PRESENT:

       JOSÉ A. CABRANES,
       ROBERT A. KATZMANN,
              *Circuit Judges,*
       J. GARVAN MURTHA,
              *District Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

       *Appellee,*

       -v.-                             No. 09-1519-cr

BURUDI FAISON,

       *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**    Burudi Faison, Minerville, PA, *pro se.*

---

   * The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

**FOR APPELLEE:** Charles P. Kelly (Emily Berger, Assistant United States Attorney, *of counsel*, Benton J. Campbell, United States Attorney, *on the brief*) Office of the United States Attorney for the Eastern District of New York, Central Islip, NY.

Appeal from an April 2, 2009 judgment of the United States District Court for the Eastern District of New York. (Sandra J. Feuerstein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgments of conviction be **AFFIRMED** and that defendant's sentence be **VACATED** and the cause **REMANDED** for further proceedings.

Burudi Faison ("Faison" or "defendant"), *pro se*, appeals his judgment of conviction and 162-month sentence for conspiracy to possess with intent to distribute two kilograms of cocaine (Count One), and attempting to possess with intent to distribute two kilograms of cocaine (Count Two), in violation of 21 U.S.C. §§ 846 and 841(a)(1). On appeal, Faison argues that: (1) the indictment was "insufficient" because it did not adequately allow him to later assert a claim of double jeopardy; (2) the evidence at trial was insufficient to sustain his conviction for either Count One or Count Two; (3) the District Court erred in admitting testimony by a law enforcement officer, allowing him to testify as both a fact witness and an expert witness; (4) the District Court erred in allowing the jury to hear testimony regarding Faison's prior incarceration for dogfighting; (5) the Court erred in responding to the jury's requests for clarification of the instructions and to review of evidence presented at trial; (6) the District Court erred by refusing to treat defendant's two prior convictions for failure to return leased property as related cases for the purpose of computing his criminal history category; and (7) the Court erred in enhancing defendant's statutory minimum sentence based on Faison's prior conviction for using and carrying a firearm during a drug trafficking offense. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

### A. Sufficiency of the Indictment

We review the sufficiency of the indictment, a question of law, *de novo*. *See, e.g.*, *United States v. Geibel*, 369 F.3d 682, 698 (2d Cir. 2004). An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The two constitutional requirements for an indictment are that it (1) "contains the elements of the offense charged and fairly informs a defendant of the charge against him which he must defend," and (2) that it "enables [a defendant] to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (citation and internal quotations marks omitted). To satisfy the requirements of Rule 7(c)(1) of the Federal Rules of Criminal Procedure, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. LaSpina*, 299 F.3d 165, 177 (2d Cir. 2002) (internal quotation marks omitted). We read an indictment "to include facts which are necessarily implied by the specific allegations" therein. *Id.* (internal quotations marks omitted). In other words, it is not necessary to allege facts with technical precision, but rather, to outline the essential elements listed above.

In this case, the indictment was sufficient. Count One "track[ed] the language of [21 U.S.C. §§ 846 and 841(a)(1)]," specifying also the approximate time and location of the alleged crime. It also stated adequately the object of the conspiracy—possessing cocaine with intent to distribute it. Count Two also tracked the statutory language, specified the time and place of the alleged crime, and noted particularly that defendant was being charged with "attempt" to possess with intent to distribute cocaine.

## B. Sufficiency of the Evidence

Faison also contends that the evidence at trial was insufficient to sustain his conviction on Counts One and Two. We review a challenge to the sufficiency of the evidence *de novo*. *United States v. Leslie*, 103 F.3d 1093, 1100 (2d Cir. 1997).

> "In challenging the sufficiency of the evidence to support his conviction, a defendant bears a heavy burden." *United States v. Hamilton*, 334 F.3d 170, 179 (2d Cir. 2003). In considering such a challenge, we must credit every inference that could have been drawn in the government's favor, and affirm the conviction so long as, from the inferences reasonably drawn, the jury might fairly have [reached the conclusion of] guilt beyond a reasonable doubt. "We defer to the jury's determination of the weight of the evidence and the credibility of the witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence." *United States v. Morrison*, 153 F.3d 34, 39 (2d Cir. 1998). [Items] of evidence must be viewed not in isolation but in conjunction, and the conviction must be upheld if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

*United States v. Reifler*, 446 F.3d 65, 94-95 (2d Cir. 2006) (internal citations omitted). *See generally Jackson*, 443 U.S. at 307.

"This standard of deference is especially important when reviewing a conviction of conspiracy." *Leslie*, 103 F.3d at 1100 (internal quotations marks omitted). "To sustain a conspiracy conviction, the government must present 'some evidence from which it can reasonably be inferred that the person charged with conspiracy knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it.'" *United States v. Rodriguez*, 392 F.3d 539, 545 (2d Cir. 2004) (quoting *United States v. Morgan*, 385 F.3d 196, 206 (2d Cir. 2004)). A jury is permitted to rely on the totality of *circumstantial* evidence in evaluating whether or not a defendant engaged in conspiracy. *See United States v. Santos*, 449 F.3d 93, 103 (2d Cir. 2006). The government may also establish by evidence that "the defendant participated in conversations directly related to the substance of the conspiracy[ or] possessed items important to the conspiracy." *United States v. Aleskerova*, 300 F.3d 286, 293 (2d Cir. 2002) (internal quotation marks omitted). Viewing the evidence "in its totality, not in isolation," *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000), we conclude that the evidence was sufficient to support the jury's determinations on both counts.

3

## C. Dual Testimony and Evidence of Prior Incarceration

Faison also argues on appeal that the District Court erred in (1) allowing a law enforcement officer to testify as both a fact witness and an expert witness, and (2) allowing the jury to hear testimony regarding Faison's prior incarceration for dogfighting.

"[T]he decision of whether to admit expert testimony is left to the discretion of the trial judge and should not be set aside unless manifestly erroneous." *United States v. Feliciano*, 223 F.3d 102, 120 (2d Cir. 2000) (citation and internal quotation marks omitted). A witness offering so-called dual testimony, testifying as both an expert and as a fact witness, is "not objectionable in principle." *Id.* at 121. Our review is focused on the impact of such testimony on the jury. Although a law enforcement officer cannot draw a legal conclusion for the jury or tell them how to weigh particular evidence, officer witnesses can "make conclusory statements, based on their experience, that the defendant was involved in drug-related activity." *United States v. Cruz*, 363 F.3d 187, 193 (2d Cir. 2004) (internal quotation marks omitted). In the instant case, we cannot say that the District Court's decision to allow Detective Reilly to testify as both a fact witness and an expert witness was "manifestly erroneous." *Feliciano*, 223 F.3d at 120. The Detective's expert testimony merely conveyed general information about narcotics transactions; his fact testimony explained the steps he took in investigating Faison's conduct and the observations he made during that process. Faison himself elicited on cross-examination the Detective's statement that defendant's conduct indicated his involvement in a drug transaction. We cannot say that admitting this testimony was clearly erroneous.

"A district court's decision to admit evidence is subject to harmless error analysis." *See United States v. McCallum*, 584 F.3d 471, 474 (2d Cir. 2009). Our harmless error inquiry focuses on "whether the contested testimony was unimportant in relation to everything else the jury considered." *Id.* District courts have "discretion to admit evidence of prior acts to inform the jury of the background of the conspiracy charged, in order to help explain how the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between coconspirators." *United States v. Rosa*, 11 F.3d 315, 334 (2d Cir. 1993). In this case, the District Court's admission of the testimony of defendant's co-conspirator was not error. The witness testified that they were roommates in federal prison and that Faison was initially unable to complete a drug transaction they had arranged together because he was incarcerated for dogfighting. In light of the sufficiency of the evidence of defendant's guilt, discussed above, the admission of this evidence, if error, was harmless. The evidence explained the sequence of events leading to the conspiracy, and the District Court instructed the jury that they should consider the evidence for those purposes only.

## D. Jury Issues

Defendant contends on appeal that the District Court erred in responding to the jury's requests for clarification of its instructions and for a review of the evidence presented at trial. However, a "readback of portions of the trial record is a matter committed to the sound exercise of a trial court's discretion," as are readbacks of jury instructions. *United States v. Young*, 140 F.3d 453, 456

(2d Cir. 1998). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, citations, and alterations omitted). We cannot conclude that the District Court "abused its discretion" in having the conspiracy charge read back to the jury at its request, or in correctly answering the jury's question pertaining to the meaning of a "conspiracy." Nor did the District Court abuse its discretion in granting the jury's request to view the transcripts of recordings of phone conversations. The Court properly instructed the jury that only the recordings were evidence, not the transcripts. In any event, none of this evidence prejudiced Faison in any way.

## E. Defendant's Sentence

Defendant presents two challenges to his sentence, claiming: (1) that the District Court erred in enhancing his sentence based on its conclusion that a prior conviction for using and carrying a firearm during a drug trafficking offense qualifies as a "prior conviction for a felony drug offense," and (2) that the District Court erred by refusing to treat defendant's two prior convictions for failure to return leased property as related cases for purposes of computing his criminal history category.

We review challenges to the reasonableness of a sentence, "whether inside, just outside, or significantly outside the Guidelines range . . . under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. Cavera*, 550 F.3d 180, 188 n.5 (2008) (en banc) (*Gall* suggests a "particularly deferential form of abuse-of-discretion review" in evaluating a sentence's procedural and substantive reasonableness), *cert. denied*, 129 S. Ct. 2735 (2009).

### 1. Prior Felony Narcotics Conviction Enhancement

Faison argues that the District Court erred in enhancing Faison's statutory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(B) based on his prior conviction for carrying a firearm during a drug trafficking offense. In 1999, Faison was convicted pursuant to 18 U.S.C. § 924(c) of "using and carrying a firearm during a drug trafficking offense," and sentenced to 60 months' imprisonment. We conclude that Faison's § 924(c) conviction was "an offense . . . under any law . . . that prohibits or restricts conduct relating to narcotic drugs," 21 U.S.C. § 802(44), and thus, according to the plain language of 21 U.S.C. § 802(44), his prior conviction qualifies as a felony drug offense. See *United States v. Nelson*, 484 F.3d 257, 258 (4th Cir. 2007).[1]

### 2. Defendant's Prior Convictions

Faison also argues that the District Court incorrectly calculated his criminal history category by refusing to treat two of his prior convictions for failure to return leased property as "related

---

[1] We do not reach the question of whether a prior conviction for a § 924(c) offense that was not in relation to a drug-trafficking crime would be a felony drug conviction under 21 U.S.C. § 802(44). Nor do we decide whether, pursuant to 21 U.S.C. § 841(b)(1)(A), a defendant could be subject to a mandatory life sentence based on a single prior criminal incident.

cases" under to U.S.S.G. § 4A1.2(a)(2) (1993) (amended 2007). The relevant facts are as follows: On successive days, May 20 and May 21, 1997, Faison rented two paint sprayers from Duron Paints/Wall Coverings in Fairfax City, Virginia. The rental agreement for each required that the rental equipment be returned the following day. Faison failed to return both paint sprayers, one of which was subsequently recovered at a pawn shop in Maryland. Faison was arrested, charged and convicted of failure to return leased property for each rental violation separately. Indeed, he was tried before different judges in different courts. On November 10, 1998, Faison was sentenced by the Circuit Court in Fairfax, Virginia, to 12 months' imprisonment (9 months of which were suspended) for the first rental violation. On May 22, 1998—after his sentence for the first violation had been completed—Faison was sentenced by the Circuit Court in Arlington, Virginia, to an additional two years' imprisonment (1 year of which was suspended) for the second rental violation.

Under the Guidelines in effect when the crimes for which Faison was sentenced by the District Court were committed, "[p]rior sentences imposed in related cases [were] to be treated as one sentence." U.S.S.G. § 4A1.2(a)(2) (1993) (amended 2007). Prior sentences were considered "related" if they resulted from offenses that: "(1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." *Id.* cmt. n.3 (1993) (amended 2007). The District Court concluded that Faison's prior convictions for failure to return rented property were not part of a single common scheme and therefore should not be consolidated as "related cases" for the purpose of calculating his criminal history category. On appellate review, we cannot tell on the basis of the record before us whether the two criminal activities were a single common scheme that should have been treated as related sentences and consolidated for the purpose of calculating Faison's criminal history category. On that basis alone, we would vacate Faison's sentence and remand the cause to the District Court for further fact-finding to substantiate the District Court's conclusion that the offenses were indeed not part of a single common scheme.

It is well settled, however, that a sentencing court is required to use the version of the Guidelines in effect on the date of the defendant's sentencing, U.S.S.G. § 1B1.11(a), except when doing so would violate the *Ex Post Facto* Clause of the United States Constitution, U.S.S.G. § 1B1.11(b)(1). *See also United States v. Ortiz,* — F.3d — , No. 08-2648, 2010 WL 3419898, at * 1 (2d Cir. Sept. 1, 2010); *accord.* 18 U.S.C. § 3553(a)(4)(ii) ("The court, in determining the particular sentence to be imposed, shall consider . . . the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . in effect on the date the defendant is sentenced[.]"). When using the version of the Guidelines in effect on the date of sentencing raises *ex post facto* concerns, Courts must use the Guidelines in effect on the date that the offense was committed. *Id.*

The Guidelines in effect on the date that Faison was sentenced had been amended to eliminate the concept of "related cases" under § 4A1.2(a)(2). In lieu of consolidating "related cases," under the amended Guidelines:

> [p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the

second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

U.S.S.G. § 4A1.2(a)(2) (2007). Faison's prior convictions for failure to return leased property were charged in separate instruments and the sentences were imposed on different days by different courts. It is therefore clear that Faison's prior convictions must be counted separately under the applicable amended Guidelines.

Because the District Court sentenced Faison under the Guidelines in effect at the time his crimes were committed rather than the Guidelines in effect at the time of his sentencing, the District Court did not have occasion to consider whether applying the amended Guidelines would raise *ex post facto* concerns. As we recently noted in *Ortiz*, in order to determine whether the use of an amended version of the Guidelines violates the *Ex Post Facto* Clause, the sentencing court must consider whether the use of the amended Guidelines would create "a substantial risk that the defendant's sentence was more severe'" than it would have been had the earlier version of the Guidelines been used. *Ortiz*, 2010 WL 3419898, at *4 (quoting *United States v. Turner*, 548 F.3d 1094, 1100 (D.C. Cir. 2008)). We did not determine in *Ortiz* whether circumstances such as those presented in the instant case would satisfy the "substantial risk" test, and, without knowing the relevant facts to determine whether Faison's prior sentences were indeed "related cases" under the pre-2007 Guidelines, we cannot do so here either. Accordingly, we now vacate defendant's sentence and remand the cause to permit the District Court to (1) make further factual findings to clarify whether Faison's prior convictions were "related cases" under the Guidelines in effect at the time the offenses for which he has been convicted were committed; and (2) to sentence Faison under the amended Guidelines in effect on the date of the new sentencing hearing unless doing so violates the *Ex Post Facto* Clause of the United States Constitution.

## CONCLUSION

We have considered each of defendant's arguments regarding his convictions and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court judgment with respect to (1) the sufficiency of the indictment; (2) the sufficiency of the evidence; (3) the District Court's decisions to admit certain testimony and evidence; (4) the exercise of discretion with regard to certain requests of the jury; and (5) the application of a sentencing enhancement based on a prior conviction for carrying a firearm during a drug trafficking offense. We **VACATE** defendant's sentence and **REMAND** the cause for further action pursuant to section (E)(2) of this order, to calculate defendant's criminal history category pursuant to U.S.S.G. § 4A1.2(a)(2).

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court