09-3360-cr
United States v. Boyd

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of October, two thousand and ten.

Present:    AMALYA L. KEARSE,
            ROSEMARY S. POOLER,
            RICHARD C. WESLEY,
                 *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                                              *Appellee*,

        -v.-                                                      09-3360-cr

LORENZO BOYD, also known as LOREZO BOYD,

                                 *Defendant-Appellant*.

---

For Appellee:        Raymond A. Tierney, Assistant United States Attorney (Loretta E. Lynch, United States Attorney, David C. James, Assistant United States Attorney), Office of the United States Attorney, Eastern District of New York, Brooklyn, NY.

For Appellant:       Gönül Aksoy and Theodore S. Green, Green & Willstatter, White Plains, NY.

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**ON CONSIDERATION WHEREOF**, **IT IS HEREBY ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED**.

Lorenzo Boyd appealed to this Court after he was convicted of being a felon in possession of a firearm and sentenced to 96 months in prison, a $100 special assessment, and three years of supervised release. Boyd argues that the case should be remanded to the District Court to determine if the firearm seized at the time of his arrest should have been suppressed from trial. Further, Boyd argues that the District Court did not properly calculate his offense level under the Sentencing Guidelines because he contends that his prior New York convictions for attempted third degree burglary are not "crimes of violence." We assume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal.

In the district court proceedings, Boyd was represented by three attorneys. The first attorney filed a motion to suppress the firearm seized at the time of Boyd's arrest. The magistrate judge, after a hearing, recommended to the District Court that it deny Boyd's motion to suppress. Boyd filed timely objections to this recommendation. Next, Boyd's second attorney took over, during which time Boyd pleaded guilty pursuant to a plea agreement. After Boyd's guilty plea, the District Court denied as moot Boyd's motion to suppress. Thereafter, Boyd sought to withdraw his guilty plea after learning that the Sentencing Guidelines range substantially exceeded the estimate in his plea agreement. At this point, a third attorney took over representation and the District Court granted Boyd's motion to withdraw his guilty plea. Boyd's third attorney did not renew the motion to suppress before or at trial, did not notify the District Court that he believed the motion to suppress was pending, and did not object at trial to the admission of the seized firearm. After trial, a jury convicted Boyd of being a felon in possession of a firearm.

Boyd contends that the District Court was obligated to decide, *sua sponte*, the merits of Boyd's already-decided motion to suppress. He argues that when he withdrew his guilty plea, his "motion to suppress was no longer moot and its pending status was restored by operation of law." Boyd cites no authority for this remarkable proposition, and we know of none. A defendant who wants evidence suppressed must move to suppress prior to trial, and if the defendant does not do so, the matter is waived. *See* Fed. R. Crim. P. 12(b)(3)(C), 12(e). Although such a waiver may be excused if the defendant shows "good cause," Fed. R. Crim. P. 12(e), it was not the province of the District Court to assume that Boyd wished to renew the motion, absent any indication from Boyd's attorneys. As the motion did not implicate the District Court's subject matter jurisdiction, and Boyd was not obligated to pursue the matter, the District Court had no duty to revive the motion *sua sponte*.

By denying as moot Boyd's motion to suppress, the District Court did not "defer" the motion under Federal Rule of Criminal Procedure 12(d) but "decide[d]" the motion. After Boyd was allowed to withdraw his guilty plea, it was his responsibility to renew his motion to suppress, assuming he still desired to have the evidence suppressed. Boyd's counsel never argued to the District Court that he believed the motion to suppress remained pending. Indeed, counsel's failure to object at trial to the introduction of the firearm in evidence was entirely consistent with an understanding that the motion to suppress was not pending and presented no open issues. As Boyd did not argue in the District Court that the court had an obligation to sua sponte revive and address Boyd's previously-rejected motion, his present argument is reviewable

2

only for plain error. To meet that standard, a defendant must show that there was, *inter alia*, "(1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). The District Court did not commit any error, much less plain error, in not reviving the motion *sua sponte*.

Even if the District Court had been required *sua sponte* to revive Boyd's suppression motion and rule on its merits, Boyd cannot show that the District Court's failure to do so was plain error. After the suppression hearing, the magistrate judge issued a report recommending that the District Court deny the suppression motion. Boyd objected to the report in full. Based on our review of the record, the District Court, after a *de novo* review, would have allowed the evidence to be admitted, finding that the officers had probable cause to arrest Boyd and entered Boyd's apartment without a warrant due to exigent circumstances. Therefore, any error in *sua sponte* failing to consider the previously-rejected motion did not affect Boyd's substantial rights.

Nor did the District Court err in enhancing Boyd's base offense level pursuant to Sentencing Guidelines Section 2K2.1(a)(1), after finding that Boyd's two convictions for the New York crime of attempted third degree burglary are "crimes of violence." This Court already has decided the issue. We ruled that the term "crimes of violence," defined in Sentencing Guidelines Section 4B1.2(a)(2), includes the New York crimes of third degree burglary, *see United States v. Brown*, 514 F.3d 256, 268-69 (2d Cir. 2008), and attempted third degree burglary, *see United States v. Hurell*, 555 F.3d 122, 124 (2d Cir. 2009), *cert. denied*, 130 S. Ct. 60, 62, 64 (2009); *United States v. Ortiz*, – F.3d –, No. 08-2648-cr, 2010 WL 3419898, at *2 (2d Cir. Sept. 1, 2010). Boyd, although he did not raise the issue below, asks this Court to overrule *Brown* in light of *Begay v. United States*, 553 U.S. 137 (2008) (holding that New Mexico's felony offense of driving under the influence of alcohol was not a "crime of violence" under the Armed Career Criminal Act). We view the *Begay* decision as inapplicable to the New York crime of attempted third degree burglary, and after *Begay* we have continued to follow the decision in *Brown*. Accordingly, Boyd cannot show that the District Court committed an error that is "clear under current law," as the plain error rule requires. *United States v. Olano*, 507 U.S. 725, 734 (1993).

We have considered all of Boyd's contentions on this appeal and have found them to be without merit. For the foregoing reasons, we **AFFIRM** the District Court's judgment.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk