12-2552-cr
*United States v. Boston*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of August, two thousand thirteen.

PRESENT:
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                No. 12-2552-cr

IVAN BOSTON, AKA IVAN WILLIAMS, AKA MARVIN BOSTON, AKA EVAN WILLIAMS

> *Defendant-Appellant.*

---

**FOR DEFENDANT-APPELLANT:**          Michele J. Hauser, New York, NY.

**FOR APPELLEE:**          David C. James, Michael P. Canty, Assistant United States Attorneys *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of conviction entered on June 20, 2012 by the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction is **AFFIRMED**.

Defendant-appellant Ivan Boston ("Boston" or "defendant") appeals from the District Court's judgment of conviction, following a jury trial, for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On appeal, Boston, challenges the firearm evidence introduced against him at trial and claims that his sentence is procedurally and substantively unreasonable.[1] We assume the parties' familiarity with the facts and procedural history of this case, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

The evidence presented at trial demonstrated that Boston was arrested in the early morning hours of January 16, 2011, after two police officers observed him asleep at the wheel of a vehicle stopped at a traffic light. The officers noticed that Boston's vehicle was running and in the "drive" position. Although he was asleep, Boston's foot rested on the brake pedal and was the only thing preventing the vehicle from dangerously moving forward into the intersection. In the course of their subsequent conversation with Boston, the officers noted alcohol on his breath and other signs of intoxication. Boston was ordered out of his vehicle and, while standing outside of it, he began to reach toward his pockets. Before he could reach them, however, the officers searched his pockets, finding a semiautomatic firearm in one and a revolver in the other, and placed him under arrest.

On February 14, 2011, Boston was indicted by a federal grand jury for being a felon in possession of a firearm. Prior to trial, he submitted an affidavit that flatly contradicted the officers' account of the events surrounding his arrest and moved to suppress the evidence of the firearms. Following testimony and oral argument before the District Court, Judge Irizarry denied defendant's motion to suppress and the case proceeded to trial.

After a two-day trial, the jury returned a guilty verdict on September 14, 2011. At a sentencing hearing on April 11, 2012, the District Court accepted the Guidelines calculation of the U.S. Probation Office that defendant was subject to an adjusted offense level of 22, based in part on an obstruction of justice enhancement and a Criminal History Category of IV.[2] The District Court then considered whether a departure under Guidelines Section 4A1.3(a)(1) was appropriate and, in view of Boston's lengthy criminal history, agreed with the recommendation in the Presentencing

---

[1] Boston also raises other arguments *pro se*, including claims that the District Court committed various errors that affected his substantial rights.

[2] The District Court found it "clear" that defendant had attempted to obstruct justice by submitting false statements in his affidavit supporting his motion to suppress the firearms recovered incident to his arrest. *See United States v. Lincecum*, 220 F.3d 77 (2d Cir. 2000). The District Court also noted that defendant did not receive an adjustment for the acceptance of responsibility.

Report that it was. The District Court, therefore, adjusted Boston's Criminal History to Category VI by counting two convictions for attempted robbery in the second degree that were otherwise outside the Criminal History time period. This resulted in a Guidelines range of 84-105 months. The District Court then considered the factors outlined in 18 U.S.C. 3553(a) and determined that a non-Guidelines sentence was appropriate. In making this determination, the District Court considered the frequency and nature of Boston's criminal acts, especially his violent acts, his numerous violations of parole and while incarcerated, his failure to reform after either lenient or harsh sentences, and his failure to take responsibility for, or to show remorse for, his most recent criminal conduct. The District Court ultimately sentenced Boston to a term of 120 months' imprisonment and three years of supervised release.

This timely appeal followed.

## DISCUSSION

On appeal, Boston once again challenges the firearm evidence introduced against him at trial and claims that his sentence is procedurally and substantively unreasonable. We review a district court's ruling on a suppression motion for clear error as to the district court's factual findings and *de novo* as to questions of law. *United States v. Rodriguez*, 356 F.3d 254, 257 (2d Cir. 2004). The evidentiary record is reviewed in the light most favorable to the government. *United States v. Rosa*, 626 F.3d 56, 61 (2d Cir. 2010). We review a defendant's sentence using an abuse-of-discretion standard. *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc); *see also In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (noting that a district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions" (internal citation and quotation marks omitted)). Our review typically consists of a two-step process. First we "must [ ] ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). "[W]e then review the substantive reasonableness of the sentence, reversing only when the trial court's sentence 'cannot be located within the range of permissible decisions.'" *United States v. Dorvee*, 616 F.3d 174, 179 (2d Cir. 2010) (quoting *Cavera*, 550 F.3d at 189).

We consider Boston's arguments in turn.

**A.**

Boston first claims that the police stop of his vehicle at the traffic intersection was not supported by probable cause and that there was no support that he was intoxicated. Upon a review of the record, we find this argument, which was raised before the District Court in the first instance, to lack merit. Both the District Court and the jury were entitled to credit the testimony of the arresting officers rather than accept Boston's version of the facts. Indeed, the District Court noted that the government produced a recording of a prison telephone call from Boston to an associate, shortly after his arrest, admitting that he had fallen asleep at the traffic light and was "juiced." Accordingly, we conclude that the District Court did not err in denying defendant's motion to suppress the fruits of the search conducted contemporaneously to his arrest.

**B.**

Boston also claims that his sentence is procedurally and substantive unreasonable.[3] Having conducted a *de novo* review of the record, we conclude that defendant's sentence of 120 months' imprisonment is procedurally and substantively reasonable, substantially for the reasons given by the District Court in its thorough and well-reasoned oral rulings at the defendant's sentencing hearings of April 11, 2012 and May 10, 2012.

**CONCLUSION**

Having reviewed the record, we have considered all of defendant's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the June 20, 2012 judgment of conviction of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] Defendant admits that our decisions in *United States v. Brown*, 514 F.3d 256 (2d Cir. 2008), and *United States v. Hurell*, 555 F.3d 122 (2d Cir. 2009), are binding upon the District Court, but nonetheless invites us to reconsider those decisions, arguing that there is a split of authority among the courts of appeal. We decline to do so. Those decisions remain the law of this circuit until overruled by either an *en banc* panel of this Court or by the Supreme Court, *In re Payne*, 707 F.3d 195, 205 (2d Cir. 2013), and, in any event, a difference in authority was acknowledged when those opinions were reached. *See Brown*, 514 F.3d at 265-66.