**UNITED STATES of America, Appellee,**

v.

**Ronald LONGALE, aka Sealed Defendant, Defendant– Appellant.**

**No. 12–4004–cr.**

United States Court of Appeals, Second Circuit.

Oct. 8, 2013.

John A. Cirando, D.J. & J.A. Cirando, Esqs., Syracuse, N.Y., for Appellee.

Craig A. Benedict, Elizabeth S. Riker, Assistant United States Attorneys of Counsel, for Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, N.Y., for Defendant–Appellant.

PRESENT: JOHN M. WALKER, JR., PIERRE N. LEVAL, and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Ronald Longale appeals from a judgment by the United States District Court for the Northern District of New York (Hurd, *J.*) imposing a sentence of 78 months' imprisonment and three years' supervised release following Longale's guilty plea to being a felon in possession of firearms in violation of 18 U.S.C. § 922(g) and § 924(a)(2). The district court calculated a Sentencing Guidelines range of 63–78 months after finding a Base Offense Level of 20 and a Criminal History Category of 6 was warranted in light of Longale's prior conviction of a "crime of violence," burglary in the third degree in violation of New York law, and his possession of the firearms. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review the district court's interpretations of the Sentencing Guidelines de novo and its related findings of fact for clear error." *United States v. Cain,* 671 F.3d 271, 301 (2d Cir.2012). Longale argues that burglary in the third degree should not have been considered a "crime of violence." This argument is foreclosed by our precedent, specifically *United States v. Brown,* 514 F.3d 256, 268–69 (2d Cir.2008)(concluding that "third-degree

burglary in violation of New York law [is] a crime of violence within the meaning of Guidelines § 4B1.2(a)(2)"), which binds this court. *See United States v. Jass*, 569 F.3d 47, 58 (2d Cir.2009). Because he was previously convicted of a "crime of violence," Longale is ineligible for specific offense reduction pursuant to § 2K2.1(b)(2). We further decline to find that the district court erred in finding a heightened Criminal History Category; deciding not to depart from the Guideline's range due to Longale's physical impairments; or that it was improper in its consideration of 18 U.S.C. § 3553(a) factors.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.