United States v. Carney

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand fourteen.

PRESENT: RALPH K. WINTER,
PIERRE N. LEVAL,
GERARD E. LYNCH,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,
    *Appellee*,

   v.            No. 13-3136

MICHAEL CARNEY,
    *Defendant - Appellant.*[*]

_____

| | |
|---|---|
| APPEARING FOR APPELLEE: | BENJAMIN ALLEE, Assistant United States Attorney (Justin Anderson, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York. |
| APPEARING FOR APPELLANT: | CLINTON W. CALHOUN, III, Calhoun & Lawrence, LLP, White Plains, New York. |

_____

[*] The Clerk of Court is respectfully directed to amend the caption to conform to that above.

Appeal from the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 2, 2013, is AFFIRMED.

Defendant-appellant Michael Carney appeals from a judgment entered on August 2, 2013, in the United States District Court for the Southern District of New York convicting him, upon his guilty plea, of conspiracy in violation of 18 U.S.C. § 371 ("Count I"), and bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2 ("Count II").

The district court calculated a Sentencing Guidelines Range of 151-188 months' imprisonment after finding a base Offense Level of 29 and a Criminal History Category of VI. That calculation was based, in part, on the district court's determination that Carney was a Career Offender within the meaning of U.S.S.G. § 4B1.1. As relevant to that determination, the district court concluded that Carney had one prior conviction for attempted burglary in the second degree, in violation of N.Y. Penal Law § 140.20(2), and two convictions for attempted burglary in the third degree, in violation of N.Y. Penal Law § 140.20. The district court sentenced Carney principally to 60 months' imprisonment on Count I and 100 months' imprisonment on Count II, to run concurrently, for a total sentence that was 51 months below the Guidelines range. On appeal, Carney challenges his sentence, contending, first, that the district court erroneously determined him to be a career offender, and second, that the district court, having made the career offender determination, did not understand its authority under U.S.S.G. § 4A1.3(b) to depart on the horizontal Criminal History axis from Category VI, as directed for a person falling within

2

the definition of Career Offender by U.S.S.G. § 4B1.1, to a lesser Criminal History Category, see United States v. Preacely, 628 F.3d 72, 80-81 (2d Cir. 2010); United States v. Ingram, 721 F.3d 35, 39-40 (2d Cir. 2013) (Calabresi, J., concurring), and then to further depart from the guidelines range so determined in light of the sentencing factors specified in 18 U.S.C. § 3553(a). We assume the parties' familiarity with the facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

We review criminal sentences for reasonableness, which "requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." United States v. Chu, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted). A district court errs procedurally when "it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." United States v. Robinson, 702 F.3d 22, 38 (2d Cir.2012). A district court errs substantively if its sentence "cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d 180, 189 (2d Cir.2008) (en banc) (internal quotation marks omitted). In reviewing the substantive reasonableness of a sentence, "we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." Id. at 190. Such discretion includes the district court's ability to "impose a sentence outside the range called for by the Career

3

Offender Guideline."  United States v. Preacely, 628 F.3d 72, 79 (2d Cir. 2010).  "We

review the district court's interpretation of the Sentencing Guidelines de novo." United

States v. Cain, 671 F.3d 271, 301 (2d Cir. 2012).

Under U.S.S.G. § 4B1.1, a defendant is a career offender if:

> (1) [he] was at least eighteen years old at the time the
> defendant committed the instant offense of conviction;
>
> (2) the instant offense of conviction is a felony that is either a
> crime of violence or a controlled substance offense; and
>
> (3) [he] has at least two prior felony convictions of either a
> crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1.  A "crime of violence" is a state or federal offense carrying more than

one year of imprisonment that "(1) has an element the use, attempted use, or threatened

physical use of physical force against the person of another; or (2) is burglary of a

dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct

that presents a serious potential risk of physical injury to another."  U.S.S.G.

§ 4B1.2(a)(1)-(2).  Applying the "categorical approach," see United States v. Barker, 723

F.3d 315, 319 (2d Cir. 2013), we have previously held that N.Y. Penal Law § 140.20

defines a crime of violence within the meaning of the U.S.S.G § 4B1.2(a)(2).  See United

States v. Brown, 514 F.3d 256, 269 (2d Cir. 2008).

In light of Brown, Carney's challenge to the district court's Career Offender

determination is wholly without merit.  That case specifically applied the categorical

approach in determining that third degree burglary is a crime of violence, and we have

4

subsequently applied <u>Brown</u> in numerous cases.[1]  To the extent that Carney argues that

<u>Brown</u> and the cases applying it should be overruled, those decisions remain the law of

this circuit until abrogated either by this Court sitting *en banc* or by the Supreme Court.

<u>See</u> <u>WNET, Thirteen v. Aereo, Inc.</u>, 712 F.3d 676, 695 (2d Cir. 2013).

We also reject Carney's argument that the district court "did not recognize the

authority that it possessed to reject [Criminal History Category VI] . . . and begin its

sentencing analysis [in the guidelines range falling in a lesser Criminal History

Category]."  Appellant's Br. 28.  "In the absence of clear evidence of a substantial risk

that the judge misapprehended the scope of his departure authority, we presume that a

sentence judge understood the scope of his authority."  <u>United States v. Stinson</u>, 465 F.3d

113, 114 (2d Cir. 2006) (internal quotation marks omitted).  We see nothing in the record

to suggest that the district court did not understand its authority.

Accordingly, we conclude that Carney's sentence is neither substantively nor

procedurally unreasonable.  We have considered all of Carney's remaining arguments and

consider them to be without merit. For the foregoing reasons, the judgment of conviction

is AFFIRMED.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] <u>See</u>, <u>e.g.</u>, <u>United States v. Longale</u>, 533 F. App'x. 42, 42-43 (2d Cir. 2013); <u>United States v. Boston</u>, 531 F. App'x 98, 101 n.3 (2d Cir. 2013), *cert denied*, 134 S. Ct. 977 (2014); <u>United States v. Boyd</u>, 398 F. App'x 649, 651-52 (2d Cir. 2010); <u>United States v. Ortiz</u>, 621 F.3d 82, 85 (2d Cir. 2010).