06-5653-cr;06-5718-cr;07-0116-cr
*United States v. Hurell;United States v. Bradley;United States v. Watkins*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

_____

August Term, 2007

(Argued:    May 28, 2008                                    Decided: January 28, 2009)

Docket Nos. 06-5653-cr, 06-5718-cr, 07-0116-cr

_____

UNITED STATES OF AMERICA,

*Appellant*,

v.

JEFFREY HURELL,

*Defendant-Appellee*.


UNITED STATES OF AMERICA,

*Appellant*,

v.

STEVEN BRADLEY,

*Defendant-Appellee*.


UNITED STATES OF AMERICA,

*Appellant*,

v.

BRIAN D. WATKINS

*Defendant-Appellee*.

_____

Before: KEARSE, CALABRESI, and SACK, *Circuit Judges*.

_____

- 1 -

The United States appeals from judgments entered in the United States District Court for the Western District of New York (Larimer, *J.* & Skretny, *J.* ), after the district court determined that a prior New York conviction for burglary in the third degree, and prior convictions for attempted burglary in the third degree, were not convictions for "crime[s] of violence," as defined by § 4B1.2(a) of the Sentencing Guidelines.

Vacated and Remanded.

JOSEPH J. KARASZEWSKI, Assistant United States Attorney, (Terrance P. Flynn, United States Attorney for the Western District of New York, *on the brief*), Buffalo, N.Y., *for Appellant*.

ROBERT G. SMITH, Assistant Federal Defender, Western District of New York, Rochester, N.Y. (Jay S. Ovsiovitch, *of counsel*), *for Defendants-Appellees* Jeffrey Hurell & Steven Bradley.

Cheryl Meyers Buth, Law Offices of Thomas H. Burton, Buffalo, N.Y. *for Defendant-Appellee* Brian D. Watkins.

---

PER CURIAM:

The government appeals three judgments entered in the United States District Court for the Western District of New York. In each of these cases, the district court held that a prior conviction for burglary in the third degree under New York Law, N.Y. Pen. L. § 140.20 (Watkins), and/or a prior conviction for attempted burglary in the third degree (all three defendants), were not convictions for "crime[s] of violence," as defined by § 4B1.2(a) of the Sentencing Guidelines. Judges Larimer and Skretny therefore denied the government's requests that defendants should be sentenced after due consideration of the higher Guidelines ranges that would have been applicable

had the prior convictions been for "crime[s] of violence." We assume the parties' familiarity with the particular facts of these cases and their procedural histories.

After the briefs were submitted in these cases, this Court held that New York's offense of burglary in the third degree is a "crime of violence" under the Guidelines. *United States v. Brown*, 514 F.3d 256, 268-69 (2d Cir. 2008). *Brown* seems directly to control our decision. The only difference between *Brown* and these cases is that unlike *Brown*, these cases involve *attempted* burglary in the third degree. This distinction, however, does not assist Appellees, for the Guidelines state explicitly that the term "crime of violence" "include[s] the offense[] of . . . attempting to commit" a "crime of violence." U.S.S.G. § 4B1.2, app. n.1. We conclude that the district court erred in determining that Watkins's prior convictions for burglary and attempted burglary, and Bradley's and Hurell's prior convictions for attempted burglary, were not convictions for "crime[s] of violence" under the Guidelines.

We note that the circuits are split on the question of whether a conviction for burglary of a building, as opposed to burglary of a dwelling, is a prior conviction for a "crime of violence" under the Guidelines. *See Brown*, 514 F.3d at 265-66 (discussing circuit split). We also note that this interpretive question is one which the Sentencing Commission is empowered to resolve. This has particular significance in this context insofar as the Sentencing Guidelines are designed in significant part to bring about nationwide uniformity in sentencing and to avoid unwarranted sentencing disparities. *See Rita v. United States*, 127 S. Ct. 2456, 2463-64 (2007).

The judgments of the district court are **VACATED,** and the cases are **REMANDED** for further sentencing proceedings consistent with this opinion.