12-3487-cr
*United States v. Maldonado*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand fourteen.

PRESENT:  JOHN M. WALKER, JR.,
          RICHARD C. WESLEY,
                    *Circuit Judges,*
          JOHN F. KEENAN,
                    *District Judge.*[*]

---

UNITED STATES OF AMERICA,

        *Appellee,*

    -v.-                        No. 12-3487-cr

SAMUEL MALDONADO,

        *Defendant-Appellant.*

---

[*] The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:     MARSHA R. TAUBENHAUS, New York, NY.

FOR APPELLEE:     STEPHAN J. BACZYNSKI, Assistant United States
                  Attorney, *for* William J. Hochul, Jr., United States
                  Attorney for the Western District of New York, Buffalo,
                  NY.

Appeal from the United States District Court for the Western District of New York (Charles J. Siragusa, Judge).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment and sentence of the district court be and hereby are **AFFIRMED.**

After a jury trial, Defendant Samuel Maldonado was convicted of conspiracy with intent to distribute 500 or more grams of cocaine, 21 U.S.C. § 846, and possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1).[1] We assume the parties' familiarity with the facts of this case. Maldonado raises five issues on appeal.

First, Maldonado argues that there was insufficient evidence to support his conspiracy conviction. Whether sufficient evidence existed to support a conviction is reviewed *de novo*. *United States v. Harvey*, 746 F.3d 87, 89 (2d Cir.

---

[1] The jury returned a not guilty verdict for the third charge of possession of a firearm by a felon under 18 U.S.C. § 922(g).

2014) (per curiam). However, the defendant "bears a heavy burden" because "we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *Id.* (internal quotation marks omitted). "Following this review, we will sustain the jury's verdict if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

"When a defendant challenges the sufficiency of the evidence in a conspiracy case, deference to the jury's findings is especially important because a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel." *United States v. Santos*, 541 F.3d 63, 70 (2d Cir. 2008) (internal quotation marks and alteration omitted). "The record must nonetheless permit a rational jury to find: (1) the existence of the conspiracy charged; (2) that the defendant had knowledge of the conspiracy; and (3) that the defendant intentionally joined the conspiracy." *Id.* (citations omitted).

Here, viewing the evidence in the light most favorable to the government, we conclude the evidence was sufficient to support the conviction. Maldonado's

own statements to law enforcement officers show that he was systematically buying 31 grams of cocaine every four days for about four months. He admitted that he was purchasing the cocaine from a Dominican seller and then reselling the drugs. Law enforcement officers found baking soda and 54.8 grams of cocaine in Maldonado's kitchen refrigerator. Elsewhere in his apartment, officers located other drug trafficking tools, such as scales and glassine bags. The quantity of cocaine involved was such that the jury could reasonably infer that both Maldonado and his supplier knowingly joined in a conspiracy the object of which was to sell to Maldonado's customers. Given the evidence presented to the jury, the argument that the evidence was insufficient to show that the Dominican seller conspired with Maldonado is not persuasive.

Second, Maldonado argues that he was entitled to a buyer-seller exception jury instruction because evidence presented at trial could have supported the jury's finding of a buyer-seller, as opposed to a conspiratorial, relationship. A district court's decision to refuse a jury instruction that was requested by one of the parties is reviewed *de novo*. *United States v. Desinor*, 525 F.3d 193, 198 (2d Cir. 2008).

"It is well-established that a criminal defendant is entitled to a jury instruction reflecting his or her theory of defense for which there is some foundation in the proof, no matter how tenuous that defense may appear to the trial court." *United States v. Medina*, 944 F.2d 60, 64 (2d Cir. 1991) (internal quotation marks omitted).  In *Medina*, the Court explained that "[t]he rationale for holding a buyer and a seller not to be conspirators is that in the typical buy-sell scenario, which involves a casual sale of small quantities of drugs, there is no evidence that the parties were aware of, or agreed to participate in, a larger conspiracy."  944 F.2d at 65.  That rationale does not apply in Maldonado's situation because he was engaged in a systematic pattern of purchasing 31 grams of cocaine for $1,300 from a Dominican supplier, selling it over the course of four days, and then repeating the process.  Similar to *Medina*, where the wholesale quantities of cocaine evinced that the drugs were being purchased for resale, *id.*, the Government here introduced Maldonado's own admission that he was buying the cocaine for resale.  Therefore, the district court did not err in refusing to give the requested instruction.

Third, Maldonado argues that the district court abandoned its gatekeeper function related to expert testimony by failing to perform an on-the-record

analysis of whether Morales was qualified as an expert. "We review the district court's decision to admit or exclude expert testimony for an abuse of discretion." *United States v. Cruz*, 363 F.3d 187, 192 (2d Cir. 2004) (internal quotation marks omitted). "A district court's determination with respect to the admission of expert testimony is not an abuse of discretion unless it is manifestly erroneous." *Id.* (internal quotation marks omitted).

In this case, it was not manifest error for the district court to fail to conduct a *Daubert* analysis on the record. Given the routine nature of law enforcement officers testifying as experts to educate the jury about the drug trade, it was not an abuse of discretion to refrain from an on-the-record *Daubert* analysis, and the district court acted within its discretion when allowing Morales to testify.

Fourth, Maldonado contends that Morales's testimony was improper. Morales opined that the cocaine and drug paraphernalia found in Maldonado's apartment were consistent with drug distribution rather than personal use. The parties agree that this argument is evaluated under plain error review. "To establish plain error, the defendant must establish (1) error (2) that is plain and (3) affects substantial rights." *United States v. Villafuerte*, 502 F.3d 204, 209 (2d Cir. 2007). The appellant must also show that "the error affected his substantial

6

rights—i.e., that it affected the outcome of the district court proceedings." *United States v. Reyes*, 691 F.3d 453, 457 (2d Cir. 2012) (per curiam) (internal quotation marks omitted).

Admission of Morales's testimony was not in error. "This court has repeatedly found that the operations of narcotics dealers are a proper subject for expert testimony." *United States v. Lopez*, 547 F.3d 364, 373 (2d Cir. 2008). "Testimony about the weight, purity, dosages, and prices of cocaine clearly relates to knowledge beyond the ken of the average juror." *United States v. Tapia-Ortiz*, 23 F.3d 738, 741 (2d Cir. 1994).

Fifth, Maldonado submits that the district court erred when it found that he is a career criminal. We review *de novo* a district court's interpretation of the Sentencing Guidelines, and its factual findings are reviewed for clear error. *United States v. Mason*, 692 F.3d 178, 182 (2d Cir. 2012). "[Q]uestions that concern the district court's authority to make a factual finding about the nature of the conviction are questions of law." *United States v. Beardsley*, 691 F.3d 252, 257 (2d Cir. 2012) (internal quotation marks omitted).

Here, Maldonado concedes that his New York conviction for criminal sale of a controlled substance in the second degree is a predicate offense, but he

7

argues that the record does not show that he was in custody within 15 years of the commencement of the present offense, as required by the Guidelines. Reading the Presentence Report's description of this state conviction in concert with a prior federal conviction reveals that Maldonado was released from federal custody, reentered state custody on November 8, 2001, for a parole violation on the criminal sale of a controlled substance offense, and was then released on January 24, 2002. The district court's factual finding on this point was not clear error because it is plausible in light of the entire record. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). With regard to Maldonado's attempted burglary conviction, the Second Circuit has held that a conviction for attempted burglary in the third degree, N.Y. Pen. L. § 140.20, is a "crime of violence" under the sentencing guidelines. *United States v. Hurrell*, 555 F.3d 122, 123-24 (2d Cir. 2009) (per curiam). We reject Maldonado's argument to the contrary, and we do not analyze whether his federal conviction also qualifies as a predicate offense because the two state convictions are sufficient to support his career offender status under Guideline § 4B1.1(a).

For the reasons stated above, the judgment and sentence of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk