12-3487-cr
*United States v. Maldonado*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of January, two thousand and sixteen.

PRESENT: JOHN M. WALKER, JR.,
RICHARD C. WESLEY,
  *Circuit Judges,*
JOHN F. KEENAN,
  *District Judge.*\*

UNITED STATES OF AMERICA,

  *Appellee,*

-v.-                                                    No. 12-3487-cr

SAMUEL MALDONADO,

  *Defendant-Appellant.*

---

\* The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

1

---

FOR APPELLANT:        MARSHA R. TAUBENHAUS, New York, NY.

FOR APPELLEE:        STEPHAN J. BACZYNSKI, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

---

Appeal from the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the sentence of the district court is hereby **VACATED** and **REMANDED**.

After a jury trial, Defendant Samuel Maldonado was convicted of conspiracy with intent to distribute 500 or more grams of cocaine, 21 U.S.C. § 846, and possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1). The district court sentenced Maldonado as a "career offender" under United States Sentencing Guideline ("U.S.S.G." or "Guideline") § 4B1.1(a). On September 18, 2014, we affirmed the district court's judgment and sentence, rejecting all five of Maldonado's challenges to his conviction. *United States v. Maldonado*, 581 F. App'x 19, 21, 22–23 (2d Cir. 2014) (summary order), *cert. granted, judgment vacated*, 135 S. Ct. 2929 (2015). Relevant here, we rejected

2

Maldonado's argument that the district court erred when it found that he was a "career offender" under Guideline § 4B1.1(a). *Id.* at 22–23.

On June 26, 2015, the Supreme Court struck down the residual clause of the Armed Career Criminal Act as unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2562 (2015). On August 4, 2015, the Supreme Court vacated this Court's judgment in *Maldonado* and remanded it for further consideration in light of *Johnson*. *Maldonado v. United States*, 135 S. Ct. 2929 (2015). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to vacate and remand for resentencing.

## DISCUSSION

Under the Guidelines, a defendant is a career offender only if "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." *See* U.S.S.G. § 4B1.1(a). The Guidelines define the term "crime of violence" as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
>> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). The Guidelines define the term "controlled substance offense" as:

[A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

The original conclusion that Maldonado was a career offender under the Guidelines relied on three of Maldonado's prior convictions: (1) criminal sale of a controlled substance in the second degree, an offense under New York law, (2) attempted burglary in the third degree, an offense under New York law, and (3) a federal conviction for use of a communications facility to commit, cause, or facilitate a drug offense, a federal offense pursuant to 21 U.S.C. § 843(b). PSR ¶¶ 42, 47, 51. In our prior summary order, we determined that (1) Maldonado's conviction for criminal sale of a controlled substance in the second degree was a "controlled substance offense" and (2) Maldonado's attempted burglary conviction was a "crime of violence," justifying the district court's finding that

4

Maldonado is a career criminal under the Guidelines. *Maldonado*, 581 F. App'x at 23. We did not analyze whether Maldonado's federal conviction also qualified as a predicate offense for career criminal status. *Id.* Because the parties do not dispute the fact that *Johnson* forecloses Maldonado's attempted burglary conviction from serving as a predicate offense to career offender status, and because we conclude that his federal conviction is not a predicate offense, we conclude that Maldonado is no longer a career offender after *Johnson*.

1. **Maldonado's Attempted Burglary Conviction Is No Longer a Predicate Offense In Light of *Johnson***

*Johnson* concerned a defendant who received an enhanced sentence under the Armed Career Criminal Act ("ACCA"), which imposes an increased prison term on a defendant with three or more previous convictions for a "violent felony." 135 S. Ct. at 2553; *see* 18 U.S.C. § 924(e)(1). In *Johnson*, the district court held that one of the defendant's prior convictions—unlawful possession of a firearm by a felon—was a "violent felony" pursuant to the ACCA's residual clause, which defined a "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 2556; *see* 18 U.S.C. § 924(e)(2)(B) (defining "violent felony"). The Eighth Circuit affirmed. *Johnson*, 135 S. Ct. at 2556.

The Supreme Court reversed, holding the ACCA's residual clause unconstitutionally vague and therefore precluding the defendant's conviction for unlawful possession of a firearm from serving as a predicate offense. *Johnson*, 135 S. Ct. at 2557–58, 2562–63. The *Johnson* Court reasoned that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* at 2557. The Court concluded that "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* at 2557.

As this Court has previously recognized, the operative language of Guideline § 4B1.2(a)(2)'s residual clause and the ACCA's residual clause is identical. *United States v. Gray*, 535 F.3d 128, 130 (2d Cir. 2008). *Compare* U.S.S.G. § 4B1.2(a)(2) (defining "crime of violence" to include "conduct that presents a serious potential risk of physical injury to another") *with* 18 U.S.C. § 924(e)(2)(B) (defining "violent felony" to include "conduct that presents a serious potential risk of physical injury to another"). This Court has established that "authority interpreting one phrase frequently is found to be persuasive in interpreting the other phrase." *United States v. Brown*, 514 F.3d 256, 268 (2d Cir. 2008) (referring

6

to the definitions of "violent felony" under 18 U.S.C. § 924(e)(2) and "crime of violence" under U.S.S.G. § 4B1.2(a)(2)).  This Court has reasoned:

> [W]here the language of two . . . provisions is identical, we cannot conclude that those provisions have disparate applicability to a type of conduct that inherently involves the risk specified in both provisions.  Thus, we are hard pressed to reject the views of the Supreme Court's most recent decision explaining the scope of the definition of "violent felony" [under the ACCA] in understanding the reach of the term "crime of violence" [under U.S.S.G. § 4B1.2(a)(2)]"

*United States v. Gray*, 535 F.3d 128, 130 (2d Cir. 2008) (internal quotation marks omitted); *see also Brown*, 514 F.3d at 268.

In this case, the district court determined, and we previously affirmed, that Maldonado's prior conviction for attempted burglary in the third degree was a "crime of violence" under the residual clause of Guideline § 4B1.2(a)(2). *Maldonado*, 581 F. App'x at 22–23.  This conclusion was correct under this Circuit's then-existing case law, which established that attempted burglary in the third degree was a "crime of violence" under the residual clause of Guideline § 4B1.2(a)(2).  *See Brown*, 514 F.3d at 269 (holding that New York's offense of burglary in the third degree is a "crime of violence" under the residual clause of Guidelines); *United States v. Hurrell*, 555 F.3d 122, 124 (2d Cir. 2009) (extending *Brown* to include *attempted* burglary in the third degree).  Yet for New York's

7

offense of attempted burglary in the third degree to constitute a "crime of violence," it must fall within the broad strictures of Guideline § 4B1.2(a)(2)'s residual clause—the clause bearing precisely the same language that the *Johnson* Court invalidated for vagueness. *See Brown*, 514 F.3d at 269; *Hurrell*, 555 F.3d at 124; *Johnson*, 135 S. Ct. at 2557–58.

The government conceded in supplemental briefing that prior convictions that meet the definition of "crime of violence" solely under Guideline § 4B1.2(a)(2)'s residual clause "can no longer serve as predicate offenses for purposes of triggering the Guidelines' career offender provision." *See* Government's October 23, 2015 Supp. Letter Br. at 3. In the government's view, *Johnson* abrogated *Hurrell* and *Brown*, and "Maldonado's designation as a career offender must find support in a prior conviction other than the Attempted Burglary." *Id.* at 4.

We therefore proceed on the assumption that the Supreme Court's reasoning with respect to the ACCA's residual clause applies to the identically worded Guideline § 4B1.2(a)(2)'s residual clause.[1] *See Johnson*, 135 S. Ct. at 2557.

---

[1] In the months since *Johnson*, several other circuits have signaled concern about the constitutionality of Guideline § 4B1.2's residual clause after *Johnson*. *See, e.g., United States v. Goodwin*, 2015 WL 5167789, at *3 (10th Cir. Sept. 4, 2015) (identifying plain error where the district court imposed an increased sentence for a "crime of violence" under

Accordingly, we agree with both parties that in light of *Johnson*, Maldonado's conviction for attempted burglary in the third degree no longer constitutes a predicate crime justifying Maldonado's career offender status.

---

Guideline § 4B1.2(a)(2)'s residual clause because "[t]he language of the ACCA's now-void residual clause is essentially identical to the language of U.S.S.G. § 4B1.2(a)(2)'s residual clause—the language upon which [the defendants] sentencing enhancement is effectively predicated"); *Ramirez v. United States*, 799 F.3d 845, 856 (7th Cir. 2015) (noting that the Seventh Circuit has "interpreted both residual clauses identically" and "proceed[ing] on the assumption that the Supreme Court's reasoning [in *Johnson*] applies to section 4B1.2 as well"); *United States v. Frazier*, No. 15-4047, 2015 WL 5062273, at *1-2 (4th Cir. Aug. 28, 2015) (noting that the ACCA's residual clause and the Guidelines residual clause are "substantially similar," and "assum[ing] without deciding that plain error occurred" where the district court imposed career offender status based in part on a "crime of violence" predicated on Guideline § 4B1.2's residual clause); *United States v. Willis*, 795 F.3d 986, 996 (9th Cir. 2015) (noting that the Ninth Circuit "make[s] no distinction between 'violent felony' in ACCA and 'crime of violence' in § 4B1.2(a)(2) for purposes of interpreting the residual clauses," but reasoning that "we have not yet considered whether the due process concerns that led *Johnson* to invalidate the ACCA's residual clause as void for vagueness are equally applicable to the Sentencing Guidelines"). Only one circuit has affirmatively held that *Johnson* does not invalidate Guideline § 4B1.2's residual clause. *See United States v. Matchett*, 802 F.3d 1185, 1194 (11th Cir. 2015) (holding that Guideline § 4B1.2's residual clause is not unconstitutional after *Johnson* because "[v]agueness doctrine of the Due Process Clause did not apply to advisory sentencing guidelines").

Because the parties do not dispute this issue, we decline to decide whether the due process concerns that led the *Johnson* Court to rule the ACCA's residual clause void for vagueness are equally applicable to the Sentencing Guidelines. We also note that the U.S. Sentencing Commission is currently seeking comments on a proposal to change the guideline language in light of *Johnson*. *See* U.S. Sentencing Commission News Release, "U.S. Sentencing Commission Seeks Comment on Revisions to Definition of Crime of Violence," http://www.ussc.gov/sites/default/files/pdf/news/press-releases-and-news-advisories/press-releases/20150807_Press_Release.pdf.

## 2. Maldonado's Federal Conviction Is Not a Predicate Crime

Nor does Maldonado's federal conviction constitute a predicate crime for career offender purposes. Maldonado was convicted of "knowingly, intentionally, and unlawfully us[ing] a communication facility, that is, a telephone, in committing, causing, and facilitating the commission of acts constituting felonies under [21 U.S.C. § § 841(a)(1), 846]," a felony under 21 U.S.C. § 843(b). Section 843(b) provides:

> It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter. Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, the term "communication facility" means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication.

21 U.S.C. § 843(b).

The Supreme Court has held that only the categorical approach—not the modified categorical approach—applies to statutes that contain an indivisible set of elements. *Descamps v. United States*, 133 S. Ct. 2276, 2282 (2013). Because section 843(b) does not contain alternative elements, it is an indivisible statute.

10

*See id.* at 2282. Therefore, the categorical approach applies, and we must "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.,* the offense as commonly understood." *Id.* at 2281. Under the categorical approach, "[t]he prior conviction qualifies as [a] . . . predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.*

Because § 843(b) contains additional elements not included in the definition of "controlled substance offense" is broader than the generic offense laid out in the Guidelines.[2] *Compare* U.S.S.G. § 4B1.2(b) *with* 21 U.S.C. § 843(b). This conclusion is buttressed by *United States v. Williams*, 176 F.3d 714 (3d Cir. 1999). In *Williams*, the Third Circuit expressly declined to hold that all convictions under § 843(b) are "controlled substance offense[s]" on the grounds that "a defendant could be convicted under § 843(b) without engaging in any of the activities enumerated in § 4B1.2(2)." *Id.* at 717 n.3. As the *Williams* court aptly explained, "a defendant could conceivably be convicted under § 843(b) for using a telephone to facilitate the mere possession of a controlled substance,"

_____

[2] As recited above, the Guidelines define "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2.

11

and this conviction "would not constitute a 'controlled substance offense' because simple possession is not "an offense under a . . . law prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." *Id.* (quoting U.S.S.G. § 4B1.2(2)); *see also United States v. Jimenez*, 533 F.3d 1110, 1113 (9th Cir. 2008) ("We do not believe that all convictions under § 843(b) should be categorically considered a 'drug trafficking offense.'"). We conclude, therefore, that Maldonado's federal conviction cannot serve as a predicate offense for career criminal status. Because the state attempted burglary conviction and the federal conviction cannot serve as predicate offenses, the only conviction that could be used to determine career criminal status is the state sale of a controlled substance conviction. As the statute requires two predicates, Maldonado's status as a career criminal must be vacated.

### 3. Conclusion

For the foregoing reasons, we VACATE and REMAND this case for resentencing consistent with this order.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, CLERK