Jose Enrique SANTIAGO, Petitioner,

v.

UNITED STATES of America, Respondent.

00-CR-237 (VM)
16-CV-2667 (VM)

United States District Court, S.D. New York.

Signed 05/13/2016

Aitan David Goelman, Assistant United States Attorney, Mary Jo White, United States Attorney, Adam Fee, United States

Attorney Office, New York, NY, for Respondent.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge

Jose Enrique Santiago ("Santiago"), currently incarcerated at FCI Allenwood, brings this successive pro se motion under 28 U.S.C. Section 2255 ("Section 2255") challenging the legality of his sentence. ("Motion," Dkt. No. 599.) He bases his challenge on Johnson v. United States, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court decision that voided the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. Section 924(e)(2)(B)(ii) ("residual clause"), as unconstitutionally vague. (Id. at 4-5.) For the reasons set forth below, the Court DENIES the Motion. Because the Motion is without merit, the Court also declines to transfer it to the United States Court of Appeals for the Second Circuit ("Second Circuit") for certification under Sections 2255(h) and 2244(b)(3).

## I. STANDARD OF REVIEW

A person in federal custody may move to vacate, set aside, or correct his sentence if it was imposed in violation of "the Constitution or laws of the United States," "the court was without jurisdiction to impose such sentence," or "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. Section 2255(a).

■ The Court notes that Santiago is a pro se litigant. As such, his submission must be held to "less stringent standards than formal pleadings drafted by lawyers." Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir.1993) (internal citation omitted). The Court must construe Santiago's submissions "liberally and interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d

276, 280 (2d Cir.1999) (internal quotation marks and citation omitted).

■ A pro se litigant, however, is not exempt "from compliance with relevant rules of procedural and substantive law." Boddie v. N.Y. State Div. of Parole, 285 F.Supp.2d 421, 426 (S.D.N.Y.2003) (quoting Traguth v. Zuck, 710 F.2d 90, 96 (2d Cir.1983)). Therefore, under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has the authority to review and deny a Section 2255 motion prior to directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2255 (2004); see Acosta v. Artuz, 221 F.3d 117, 123 (2d Cir.2000).

## II. DISCUSSION

### A. JOHNSON CLAIM

On November 26, 2002, the Court sentenced Santiago as a career offender pursuant to United States Sentencing Guideline Section 4B1.1 ("Section 4B1.1"), based on his two prior controlled substance convictions: (1) a May 1, 1991 conviction for criminal sale of a controlled substance in the third degree, arising out of an October 10, 1988 arrest and (2) a May 1, 1991 conviction for criminal sale of a controlled substance in the third degree, arising out of a December 2, 1989 arrest. (See Sentencing Transcript, Dkt. No. 388; Presentence Investigation Report dated Nov. 4, 2002, on file with chambers.) Although the Court concluded that Santiago was a career offender within the meaning of Section 4B1.1 (see Dkt. No. 388 at 32), the career offender guideline ultimately did not affect his sentence for two reasons: (1) his criminal history would have placed him

in criminal history category VI even without application of Section 4B1.1 and (2) the Court calculated his offense level without consideration of Section 4B1.1. (See Presentence Investigation Report dated Nov. 4, 2002, on file with chambers.)

■ Santiago appealed his judgment of conviction (Dkt. No. 383), and on April 7, 2005, the Second Circuit affirmed the conviction (Dkt. No. 473). On June 7, 2012, Santiago filed his first motion under Section 2255, asserting ineffective assistance of counsel. (Dkt. No. 1, 12 Civ. 4522.) The Court denied that motion on the merits on September 10, 2012. (Dkt. No. 567.) Santiago now brings his second Section 2255 motion and argues that under Johnson, he no longer qualifies as a career offender because one of his prior convictions was for assault, which Santiago argues falls within the residual clause of Johnson. (Dkt. No. 599.)

In Johnson, the Supreme Court held that the residual clause in ACCA was unconstitutional. See —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Under ACCA, a defendant convicted of being a felon in possession of a firearm faces a sentencing enhancement if he has three or more previous convictions for a "violent felony." 18 U.S.C. Section 924(e)(1). A violent felony, as defined in the ACCA's residual clause, "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. Section 924(e)(2)(B). Johnson voided this residual clause as unconstitutionally vague because the clause "leaves grave uncertainty about how to estimate the risk posed by a crime," Johnson, 135 S.Ct. at 2557, and "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony[,]" id. at 2558.

ACCA applies only to those defendants who are convicted of being a felon in possession of a firearm in violation of 18 U.S.C. Section 922(g). In the instant case,

Santiago was not convicted of being a felon in possession of a firearm. (See Dkt. No. 379.) Therefore, ACCA would not apply, and the Supreme Court's ruling in Johnson would not be relevant on that basis.

However, the Second Circuit has held that Johnson applies when a defendant is sentenced as a career offender under Section 4B1.1, if at least one of the prior convictions was a "crime of violence," a phrase defined in United States Sentencing Guideline Section 4B1.2. See United States v. Maldonado, 636 Fed.Appx. 807, 810– 11 (2d Cir.2016) ("[T]he operative language of Guideline § 4B1.2(a)(2)'s residual clause and the ACCA's residual clause is identical.").

Johnson is not applicable here, however, because Santiago had two prior controlled substance convictions that triggered the application of the career offender guideline. Therefore, because the assault conviction did not play a role in the Court's application of the career offender guideline, Santiago's sentence was not enhanced by a crime of violence within the meaning of Section 4B1.1's residual clause. Thus, the Motion is DENIED.

## B. TRANSFER TO THE SECOND CIRCUIT.

■ As a general matter, this Court does not have jurisdiction to address a successive motion without authorization from the Second Circuit and is required to transfer such a motion to the Second Circuit if doing so is in the interest of justice. See 28 U.S.C. Sections 2255(h) and 2244(b)(3); see also Liriano v. United States, 95 F.3d 119, 123 (2d Cir.1996). "However, a district court need not transfer the second or successive motion if it is wholly without merit; the court should instead dismiss the motion if it is clear that the narrow set of factual predicates for relief on a second or successive section

2255 petition have not been made out." Avendano v. United States, No. 02 Civ. 1059, 2014 WL 7236036, at *2 (S.D.N.Y. Dec. 19, 2014).

To proceed with a successive motion, Santiago must demonstrate that the Motion either (1) contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. Section 2255(h). Because Santiago does not demonstrate either standard, the Court declines to transfer the motion to the Second Circuit for certification under Sections 2255(h) and 2244(b)(3).

## III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant Jose Enrique Santiago (Dkt. No. 599) to vacate, set aside, or dismiss his conviction pursuant to 28 U.S.C. Section 2255 is **DENIED.**

The Court certifies, pursuant to 28 U.S.C. Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

As Santiago has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. Section 2253(c)(1)(B).

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**