**Victor Manuel Adan CARRASCO,**
**Petitioner,**

**v.**

**UNITED STATES of America,**
**Respondent.**

**01-CR-0021 (VM), 16-CV-3952 (VM)**

United States District Court,
S.D. New York.

Signed June 3, 2016

George Robert Goltzer, New York, NY, Paul J. Angioletti, Law Office of Paul J. Angioletti, Staten Island, NY, for Petitioner.

Court Golumbic, Assistant United States Attorney, Richard Joseph Sullivan, U.S. Attorney's Office, New York, NY, for Respondent.

### DECISION AND ORDER

VICTOR MARRERO, United States District Judge

Victor Manuel Adan Carrasco ("Carrasco"), currently-incarcerated at USP Lompoc, California, brings this successive pro se motion under 28 U.S.C. Section 2255 ("Section 2255") challenging the legality of his sentence. ("Motion," Dkt. No. 222.) He bases his challenge on Johnson v. United States, — U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court decision that voided the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. Section 924(e)(2)(B)(ii) ("residual clause"), as unconstitutionally vague. (Id. at 4–5.) For the reasons set forth below, the Court DENIES the Motion. Because the Motion is without merit, the Court also declines to transfer it to the United States Court of

Appeals for the Second Circuit ("Second Circuit") for certification under Sections 2255(h) and 2244(b)(3).

### I. STANDARD OF REVIEW

A person in federal custody may move to vacate, set aside, or correct his sentence if it was imposed in violation of "the Constitution or laws of the United States," "the court was without jurisdiction to impose such sentence," or "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. Section 2255(a).

The Court notes that Carrasco is a pro se litigant. As such, his submission must be held to "less stringent standards than formal pleadings drafted by lawyers." Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir.1993) (internal citation omitted). The Court must construe Carrasco's submissions "liberally and interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.1999) (internal quotation marks and citation omitted).

A pro se litigant, however, is not exempt "from compliance with relevant rules of procedural and substantive law." Boddie v. N.Y. State Div. of Parole, 285 F.Supp.2d 421, 426 (S.D.N.Y.2003) (quoting Traguth v. Zuck, 710 F.2d 90, 96 (2d Cir.1983)). Therefore, under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has the authority to review and deny a Section 2255 motion prior to directing an answer " [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. Section 2255 (2004); see Acosta v. Artuz, 221 F.3d 117, 123 (2d Cir.2000).

## II. DISCUSSION

### A. JOHNSON CLAIM

On May 4, 2004, the Honorable Gerard Lynch of this Court sentenced Carrasco to two hundred and sixty four (264) months imprisonment to be followed by five (5) years of supervised release. (Dkt. No. 54.)

Carrasco twice appealed his conviction and sentence. (Dkt. Nos. 58, 65, 93.) On July 11, 2005, the Second Circuit affirmed Carrasco's conviction and remanded the case to Judge Lynch to determine whether or not resentencing was warranted due to the intervening decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). (Dkt. No. 71.) Judge Lynch declined to resentence Carrasco (Dkt. No. 92), and the Second Circuit ultimately affirmed Carrasco's sentence. (Dkt. No. 150.)

On October 5, 2010, Carrasco filed his first motion under Section 2255, asserting ineffective assistance of counsel. (10-cv-8308, Dkt. No. 1.) The Court denied that motion on October 20, 2011. (Dkt. No. 168.)

On March 4, 2015, Carrasco filed a Motion to Reduce Sentence (Dkt. No. 206) and a motion for appointment of counsel (Dkt. No. 207). The Court denied Carrasco's motions on June 23, 2015, finding that Carrasco was not eligible for a sentence reduction pursuant to Amendments 782 and 788 of the United States Sentencing Guidelines. (Dkt. Nos. 210, 211.)

On January 4, 2016, Carrasco filed a second motion to reduce his sentence. (Dkt. No. 217.) The Court denied Carrasco's second request on February 1, 2016, stating that his second request did not present any new basis on which to grant Carrasco relief. (Dkt. No. 220.)

■ Carrasco now brings his second motion under Section 2255 and argues that Johnson should be extended to Section 2D1.1(b)(1) of the United States Sentencing Guidelines, thereby reducing the two level enhancement Carrasco received at sentencing for possession of a dangerous weapon. (Sentencing Tr., Dkt. No. 52.)

In Johnson, the Supreme Court held that the residual clause in ACCA was unconstitutional. See ── U.S. ──, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Under ACCA, a defendant convicted of being a felon in possession of a firearm, a violation pursuant to Section 922 (g) of ACCA, faces a sentencing enhancement if he has three or more previous convictions for a "violent felony." 18 U.S.C. Section 924(e)(1). A violent felony, as defined in the ACCA's residual clause, "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. Section 924(e) (2) (B). Johnson voided this residual clause as unconstitutionally vague because the clause "leaves grave uncertainty about how to estimate the risk posed by a crime," Johnson, 135 S.Ct. at 2557, and "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony[,]" id. at 2558.

Johnson strictly applies only to those defendants who are convicted of being a felon in possession of a firearm in violation of 18 U.S.C. Section 922(g). In the instant case, Carrasco was not convicted of being a felon in possession of a firearm pursuant to 922(g). (See Dkt. No. 54.) Therefore, Johnson would not apply, and the Supreme Court's ruling in Johnson would not be relevant on that basis.

However, the Second Circuit has held that Johnson applies when a defendant is sentenced as a career offender under Section 4B1.1, if at least one of the prior convictions was a "crime of violence," a phrase defined in United States Sentencing Guideline Section 4B1.2. See United States v. Maldonado, 636 Fed.Appx. 807, 809–810 (2d Cir.2016) ("[T]he operative

language of Guideline § 4B1.2(a)(2)'s residual clause and the ACCA's residual clause is identical.").

Again, Johnson is not applicable here because Carrasco was not sentenced as a career offender under Section 4B1.1. (Dkt. No. 54.)

Thus, Carrasco's Motion is DENIED.

## B. TRANSFER TO THE SECOND CIRCUIT

■ As a general matter, this Court does not have jurisdiction to address a successive motion without authorization from the Second Circuit and is required to transfer such a motion to the Second Circuit if doing so is in the interest of justice. See 28 U.S.C. Sections 2255(h) and 2244(b)(3); see also Liriano v. United States, 95 F.3d 119, 123 (2d Cir.1996). "However, a district court need not transfer the second or successive motion if it is wholly without merit; the court should instead dismiss the motion if it is clear that the narrow set of factual predicates for relief on a second or successive section 2255 petition have not been made out." Avendano v. United States, No. 02 Civ. 1059, 2014 WL 7236036, at *2 (S.D.N.Y. Dec. 19, 2014).

To proceed with a successive motion, Carrasco must demonstrate that the Motion either (1) contains "newly-discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. Section 2255(h). Because Carrasco does not satisfy either standard, the Court declines to transfer the Motion to the Sec-

ond Circuit for certification under Sections 2255(h) and 2244(b)(3).

## III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant Victor Manuel Adan Carrasco (Dkt. No. 222) to vacate, set aside, or dismiss his conviction pursuant to 28 U.S.C. Section 2255 is **DENIED.**

The Court certifies, pursuant to 28 U.S.C. Section 1915(a) (3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

As Carrasco has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. Section 2253(c) (1) (B).

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**