Alberto CASTELLANO, Petitioner,

v.

UNITED STATES of America, Respondent.

01-CR-619 (VM)

16-CV-3513 (VM)

United States District Court, S.D. New York.

Signed June 3, 2016

Alberto Castellano, Lewisburg, PA, pro
se.

## DECISION AND ORDER

VICTOR MARRERO, United States
District Judge.

Alberto Castellano ("Castellano"), cur-
rently-incarcerated at USP Lewisburg,
Pennsylvania, brings this successive pro se
motion under 28 U.S.C. Section 2255
("Section 2255") challenging the legality of
his sentence. ("Motion," Dkt. No. 319.) He
bases his challenge on Johnson v. United
States, —— U.S. ——, 135 S.Ct. 2551, 192
L.Ed.2d 569 (2015), the United States Su-
preme Court decision that voided the re-
sidual clause of the Armed Career Crimi-
nal Act ("ACCA"), 18 U.S.C. Section 924
(e) (2) (B) (ii) ("residual clause"), as uncon-
stitutionally vague. (Id. at 4–5.) For the

reasons set forth below, the Court DENIES the Motion. Because the Motion is without merit, the Court also declines to transfer it to the United States Court of Appeals for the Second Circuit ("Second Circuit") for certification under Sections 2255(h) and 2244(b)(3).

## I. STANDARD OF REVIEW

A person in federal custody may move to vacate, set aside, or correct his sentence if it was imposed in violation of "the Constitution or laws of the United States," "the court was without jurisdiction to impose such sentence," or "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. Section 2255(a).

■ The Court notes that Castellano is a pro se litigant. As such, his submission must be held to "less stringent standards than formal pleadings drafted by lawyers." Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir.1993) (internal citation omitted). The Court must construe Castellano's submissions "liberally and interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.1999) (internal quotation marks and citation omitted).

■ A pro se litigant, however, is not exempt "from compliance with relevant rules of procedural and substantive law." Boddie v. N.Y. State Div. of Parole, 285 F.Supp.2d 421, 426 (S.D.N.Y.2003) (quoting Traguth v. Zuck, 710 F.2d 90, 96 (2d Cir.1983)). Therefore, under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has the authority to review and deny a Section 2255 motion prior to directing an answer " [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. Section 2255 (2004); see Acosta v. Artuz, 221 F.3d 117, 123 (2d Cir.2000).

## II. DISCUSSION

### A. JOHNSON CLAIM

On April 2, 2008, the Honorable Robert Carter of this Court sentenced Castellano to life in prison plus 105 years of imprisonment. (Dkt. Nos. 216, 221.)

Castellano appealed his judgment of conviction (Dkt. No. 220), and on April 1, 2009, the Second Circuit affirmed the conviction and his sentence on thirteen of the fourteen counts of conviction. (Dkt. No. 243.) Accordingly, the Second Circuit vacated Castellano's sentence pursuant to count thirteen and affirmed his conviction and sentence of life plus 100 years. Id.

On May 14, 2010, Castellano filed his first motion under Section 2255, asserting ineffective assistance of counsel. (10 Civ. 4000, Dkt. No. 1.) The Court denied that motion on the merits on June 24, 2011. (10 Civ. 4000, Dkt. No. 26.)

Castellano appealed the denial of his motion (Dkt. No. 280), and on April 30, 2012, the Second Circuit affirmed the denial. (Dkt. No. 285.)

On February 5, 2013, Castellano filed a memorandum of law in support of his motion to vacate his sentence under Section 2255(f) (3) in which he argued that the United States Supreme Court cases, Missouri v. Frye, 566 U.S. 133, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012) and Lafler v. Cooper, 566 U.S. 156, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), present new constitutional rules of law that allow him to successfully submit a "second or successive" habeas petition. (10 Civ. 4000, Dkt. No. 32.) In his reply brief, Castellano applied the same argument to the Supreme Court decisions in Alleyne v. United States, ——

U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) and Peugh v. United States, —— U.S. ——, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013). (Dkt. Nos. 308, 309.) At the time, Castellano did not have a Section 2255 motion pending before the Court, and accordingly the Court treated the Section 2255(f) (3) memorandum as a motion.

The Court denied Castellano's second motion under Section 2255 on August 20, 2013. (Dkt. No. 312.)

Castellano appealed the denial of his motion (10 Civ. 4000, Dkt. No. 37), and on March 24, 2014, the Second Circuit affirmed the denial. (10 Civ. 4000, Dkt. No. 38.)

■ Castellano now brings his third motion under Section 2255 and argues that Johnson should be extended to the "residual clause" in 18 U.S.C. Section 924(c)(1)(A) which prohibits the use, carrying, or possession of a firearm in the furtherance of a violent crime or drug trafficking crime. (Dkt. No. 319.) Castellano cites United States v. Fuertes, 805 F.3d 485 (4th Cir.2015) for the proposition that "[s]ome Courts are now applying Johnson to 18 U.S.C. Section 924(c) crimes that rely on the 'residual clause' of Section 924(c)(3)." (Dkt. No. 319.)

In Johnson, the Supreme Court held that the residual clause in ACCA was unconstitutional. See —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2 015). Under ACCA, a defendant convicted of being a felon in possession of a firearm, a violation pursuant to Section 922 (g) of ACCA, faces a sentencing enhancement if he has three or more previous convictions for a "violent felony." 18 U.S.C. Section 924(e) (1). A violent felony, as defined in the ACCA's residual clause, "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. Section 924(e)(2)(B). Johnson voided this residual clause as unconstitutionally vague because

the clause "leaves grave uncertainty about how to estimate the risk posed by a crime," Johnson, 135 S.Ct. at 2557, and "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony[,]" id. at 2558.

Johnson strictly applies only to those defendants who are convicted of being a felon in possession of a firearm in violation of 18 U.S.C. Section 922(g). In the instant case, Castellano was not convicted of being a felon in possession of a firearm pursuant to 922(g). (See Dkt. No. 221.) Therefore, Johnson would not apply, and the Supreme Court's ruling in Johnson would not be relevant on that basis.

However, the Second Circuit has held that Johnson applies when a defendant is sentenced as a career offender under Section 4B1.1, if at least one of the prior convictions was a "crime of violence," a phrase defined in United States Sentencing Guideline Section 4B1.2. See United States v. Maldonado, 636 Fed.Appx. 807, 809–810 (2d Cir.2016) ("[T]he operative language of Guideline § 4B1.2(a)(2)'s residual clause and the ACCA's residual clause is identical.").

Again, Johnson is not applicable here because Castellano was not sentenced as a career offender under Section 4B1.1. (Dkt. No. 219.)

Finally, Castellano puts forward the argument that the reasoning in Johnson should apply to other federal statutes that include generic definitions of the term "crime of violence." Castellano cites Fuertes, 805 F.3d 485, for the proposition that "[s]ome Courts are now applying Johnson to 18 U.S.C. Section 924(c) crimes that rely on the 'residual clause' of Section 924(c)(3)." (Dkt. No. 319.)

Castellano misreads Fuertes. The Court in Fuertes did not extend the reasoning in

Johnson to 18 U.S.C. Section 924(c) but rather held that sex trafficking by force, fraud, or coercion does not categorically constitute a crime of violence pursuant to the residual clause of 18 U.S.C. Section 924(c). 805 F.3d at 499–501. In fact, the Court in Fuertes specifically stated that while 18 U.S.C Section 924(e) (2) (B) and 18 U.S.C. Section 924(c) (3) (B) are similarly worded, they are not identical. Id. at n. 5. Accordingly, the Court declined to "explore whether the Supreme Court's invalidation of the former provision applies as well to the latter provision." Id.

Thus, Castellano's Motion is DENIED.

## B. TRANSFER TO THE SECOND CIRCUIT

■ As a general matter, this Court does not have jurisdiction to address a successive motion without authorization from the Second Circuit and is required to transfer such a motion to the Second Circuit if doing so is in the interest of justice. See 28 U.S.C. Sections 2255(h) and 2244(b)(3); see also Liriano v. United States, 95 F.3d 119, 123 (2d Cir.1996). "However, a district court need not transfer the second or successive motion if it is wholly without merit; the court should instead dismiss the motion if it is clear that the narrow set of factual predicates for relief on a second or successive section 2255 petition have not been made out." Avendano v. United States, No. 02 Civ. 1059, 2014 WL 7236036, at *2 (S.D.N.Y. Dec. 19, 2014).

To proceed with a successive motion, Castellano must demonstrate that the Motion either (1) contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. Section 2255(h). Because Castellano does not demonstrate either standard, the Court declines to transfer the motion to the Second Circuit for certification under Sections 2255(h) and 2244(b)(3).

## III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant Alberto Castellano (Dkt. No. 319) to vacate, set aside, or dismiss his conviction pursuant to 28 U.S.C. Section 2255 is **DENIED.**

The Court certifies, pursuant to 28 U.S.C. Section 1915(a) (3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

As Castellano has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. Section 2253(c)(1)(B).

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**