Jorge Torres TEYER, Petitioner,

v.

UNITED STATES of America, Respondent.

01-CR-0021 (VM)
16-CV-5224 (VM)

United States District Court, S.D. New York.

Signed July 8, 2016

Filed July 11, 2016

Jorge Manuel Torres Teyer, Yazoo City, MS, pro se.

### DECISION AND ORDER

VICTOR MARRERO, United States District Judge

Petitioner Jorge Torres Teyer ("Teyer") filed this motion pursuant to 28 U.S.C. Section 2255 ("Section 2255") to vacate, set aside, or otherwise correct his sentence. ("Motion," Dkt. No. 229.) Teyer is currently serving a sentence of 456 months imprisonment at FCC Yazoo City Medium Facility after pleading guilty to one count of conspiracy to import narcotics into the United States in violation of 21 U.S.C. Section 963, one count of conspiracy to violate the federal narcotics laws in violation of 21 U.S.C. Section 846, and one count of use of a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. Section 924(c). (See Dkt. No. 55.) Teyer bases his challenge to the legality of his sentence on Johnson v. United States, — U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court decision that voided the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. Section 924(e)(2)(B)(ii) ("residual clause"), as unconstitutionally vague. (Id. at 4-5.) For the reasons set forth below, the Court DENIES the Motion.

### I. STANDARD OF REVIEW

A person in federal custody may move to vacate, set aside, or correct his sentence if it was imposed in violation of "the Constitution or laws of the United States," "the court was without jurisdiction to impose such sentence," or "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. Section 2255(a).

The Court notes that Teyer is a pro se litigant. As such, his submission must be held to "less stringent standards than formal pleadings drafted by lawyers." Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir.1993) (internal citation omitted). The Court must construe Teyer's submissions "liberally and interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.1999) (internal quotation marks and citation omitted).

A pro se litigant, however, is not exempt "from compliance with relevant rules of procedural and substantive law." Boddie v. N.Y. State Div. of Parole, 285 F.Supp.2d 421, 426 (S.D.N.Y.2003) (quoting Traguth v. Zuck, 710 F.2d 90, 96 (2d Cir.1983)). Therefore, under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has the authority to review and deny a Section 2255 motion prior to directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foil. Section 2255 (2004); see Acosta v. Artuz, 221 F.3d 117, 123 (2d Cir.2000).

## II. DISCUSSION

On May 10, 2004, the Honorable Gerard Lynch of this court sentenced Teyer to 456 months imprisonment to be followed by five (5) years of supervised release. (See Dkt. Minute Entry for May 10, 2004, Dkt. No. 55.) Teyer appealed his sentence (Dkt. No. 57), and on July 11, 2005, the United States Court of Appeals for the Second Circuit remanded the case to Judge Lynch to determine whether or not resentencing was warranted due to the intervening Supreme Court decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (Dkt. No. 71). Judge Lynch declined to resentence Teyer (Dkt. No. 92), and the Second Circuit ultimately affirmed Teyer's sentence (Dkt. No. 163).

■ Teyer filed the instant Motion on June 29, 2016. Teyer argues that Johnson should be extended to the "residual clause" in 18 U.S.C. Section 924(c)(1)(A) which prohibits the use, carrying, or possession of a firearm in the furtherance of a violent crime or drug trafficking crime. (Dkt. No. 229.)

In Johnson, the Supreme Court held that the residual clause in ACCA was unconstitutional. See 135 S.Ct. 2551 (2015). Under ACCA, a defendant convicted of being a felon in possession of a firearm, a violation pursuant to Section 922 (g) of ACCA, faces a sentencing enhancement if he has three or more previous convictions for a "violent felony." 18 U.S.C. Section 924(e)(1). A violent felony, as defined in the ACCA's residual clause, "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. Section 924(e)(2)(B). Johnson voided this residual clause as unconstitutionally vague because the clause "leaves grave uncertainty about how to estimate the risk posed by a crime," Johnson, 135 S.Ct. at 2557, and "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony[,]" id. at 2558.

Johnson strictly applies only to those defendants who are convicted of being a felon in possession of a firearm in violation of 18 U.S.C. Section 922(g). In the instant case, Teyer was not convicted of being a felon in possession of a firearm pursuant to Section 922 (g). (See Dkt. No. 55.) Therefore, Johnson would not apply, and the Supreme Court's ruling in Johnson would not be relevant on that basis.

However, the Second Circuit has held that Johnson applies when a defendant is sentenced as a career offender under Section 4B1.1 if at least one of the prior convictions was a "crime of violence," a phrase defined in United States Sentencing Guideline Section 4B1.2. See United States v. Maldonado, 636 Fed.Appx. 807, 809–11 (2d Cir.2016) ("[T]he operative language of Guideline § 4B1.2(a)(2)'s residual clause and the ACCA's residual clause is identical.").

Teyer argues that he was sentenced to "456 months imprisonment after finding that he/she [sic] had at least one prior felony conviction for a 'crime of violence' as defined by the residual clause of U.S.S.G. § 4B1.2, which triggered application of the sentencing enhancement in U.S.S.G. § 924 (c)." (Dkt. No. 229.)

After review of the record, the Court concludes that Teyer was not sentenced based on a finding that he had a prior felony conviction. In advance of Teyer's sentencing, and following an extensive evidentiary hearing, Judge Lynch issued an opinion resolving several disputed factual and legal issues related to the correct calculation of Teyer's sentencing range pursuant to the United States Sentencing Guidelines. (Dkt. No. 52.) Judge Lynch noted in his opinion that Teyer had no criminal history. (Id.) Accordingly, Teyer received zero criminal history points resulting in a criminal history category of I. Again, Johnson is not applicable because

Teyer was not sentenced as a career offender under Section 4B1.1. (Dkt. No. 55.)

### III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Dkt. No. 229) of petitioner Jorge Torres Teyer ("Teyer") to vacate, set aside, or otherwise correct his sentence pursuant to 28 U.S.C. Section 2255 is **DENIED**.

The Court certifies, pursuant to 28 U.S.C. Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

As Teyer has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. Section 2253(c)(1)(B).

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**